## Lake Shore & M. S. Ry. Co. v. Jan Dylinski, Adm.

1. LIMITATIONS—*Actions for Damages—Death from Wrongful Act.*— Actions for personal injuries, under section fourteen of chapter eighty-three, R. S., entitled "Limitations," do not include actions for damages under chapter seventy, R. S., for death caused by a wrongful act. Such

actions are not for the injury suffered, but for the pecuniary loss to the widow and next of kin.

2.  SAME—*Time Not Extended by a Non-suit.*—Actions for damages resulting from the death of a person caused by the wrongful act of another, may be commenced within two years after such death.   The time is not extended by a non-suit in a previous action.

**Action for Damages.**—Death from negligence.   Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.   Heard in this court at the October term, 1896.   Reversed and remanded.   Opinion filed December 14, 1896.

WILLIAM McFADON, attorney for appellant.

J. WARREN PEASE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is the administrator of Joseph Dylinski, who was a laborer for the appellant, and was killed on the road on the morning of September 26, 1892.

He, with two companions, had, for something more than two months, worked for the appellant on the tracks westward several miles from South Chicago, where they resided. They went to, and returned from, their labor upon a handcar. It was a necessity of that mode of conveyance that they should be on the watch for, and get out of the way of, a train approaching from behind, as they ran the handcar upon that track of a double track upon which trains went in the same direction.

The circumstances under which the appellee charges the appellant with negligence, are that the deceased and his companions left South Chicago that morning as usual; that the morning was foggy and the wind adverse; that looking back toward South Chicago, they could see but a little way because of the fog, and of the smoke of South Chicago, and the adverse wind prevented the sound of bell or whistle reaching them, or at any rate they heard no such sound; that looking forward in the direction in which both train and handcar were going, objects were visible for a long distance.

The two companions did jump from the handcar and saved their lives. The deceased did not. This was the whole of the case of the appellee as to negligence, and it does not prove negligence. The fog, smoke and adverse wind were as obvious to the persons on the handcar as to the engineer and fireman on the locomotive, and probably much more so. The duty of the latter only required them to look forward, and they were sheltered from the wind. The crew of the handcar knew that train ought to come, and that they were to keep out of the way, and not stop it, as was proved by the appellee. He gave no evidence tending to show what was the conduct of the train hands, or how the train was managed, but relied upon the proposition that if a man upon the track was killed by a locomotive, the railroad must pay.

On the part of the appellant, there was much evidence showing affirmatively that the railway company was not negligent, but we omit any consideration of it, and confine ourselves to the case of appellee.

But there is a bar to this action by the lapse of time.

The death was instantaneous—head severed from the body.

Sec. 19, Ch. 83, Limitations, giving time to representatives to bring an action after the death of the person entitled to bring it, has no application, for the deceased never had any cause of action.

Section 14 of the same chapter, under the words "Actions for damages for an injury to the person," does not include actions under the statute, Ch. 70, for death "caused by wrongful act," etc. Such actions are not for the injury the person injured suffered, but for the pecuniary loss to widow and next of kin resulting from the death.

It follows that the provisions of Sec. 25 of Ch. 83, as to "actions specified in any of the sections of" that act, have no reference to actions given by Ch. 70.

The death was September 26, 1892. This suit was commenced October 29, 1894. Chapter 70 limited the time in which the action might be commenced to two years after

the death. That time was not extended by a non-suit in a previous action.

The judgment must be reversed and the cause remanded.

On an amendment of the pleadings, the bar can be presented; or, on the evidence, the jury may be instructed peremptorily in favor of the appellant; and in either event, a question be presented of which the Supreme Court can take cognizance. Reversed and remanded.