### Rosa Stephan, Adm'x, v. Lake Shore & Michigan Southern Ry. Co.

1. STATUTE OF LIMITATIONS—*Sec. 2 of the Act Requiring Compensation for Causing Death by Wrongful Act, Neglect or Default.*—Under Sec. 2 of the act requiring compensation for causing death by wrongful act, neglect or default, providing that every such action shall be commenced within two years after the death of such person, the bringing of the action within two years may or may not be a condition precedent, upon which the plaintiff can recover. Each case must depend upon its peculiar facts, and the plaintiff should be given an opportunity to set up those facts, if they form an exception to the statute.

Trespass on the Case.—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded. Opinion filed February 9, 1903.

HENRY VOCKE, E. P. LANGWORTHY and F. M. THOMPSON, attorneys for appellant.

PAM, CALHOUN & GLENNON, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an action by the appellant, administratrix of the estate of Frederick Stephan, deceased, and surviving wife of the deceased, to recover damages on account of the death of the deceased, occasioned, as she claims, by the negligence of appellee.

The amended declaration avers, in substance, as follows:

That the plaintiff was appointed administratrix of the estate of Frederick Stephan on May 7, 1894; that on May 16, 1894, she began suit in the Circuit Court of Cook County, Illinois, against the Lake Shore & Michigan Southern Railway Company to recover damages for the death of said Frederick Stephan; that on November 16, 1898, said suit was dismissed at plaintiff's costs for want of prosecution; that on the 12th of January, 1894, the defendant owned a certain railroad, and a certain switch engine; that certain servants of defendant had charge and control of said engine, and deceased was employed as a track repairer; that while deceased, at the date last mentioned, was at work repairing and constructing the tracks of defendant at Root street, in Chicago, he was struck, run over and killed by said engine; that at the time of his death he was at work as a track man in repairing tracks of defendant at a point about seventy-five feet from Root street, and was in the exercise of ordinary care; that while so employed the agents and servants of defendant in charge of said engine negligently, carelessly and improperly, and without giving deceased any notice or warning of the approach of said engine, ran and drove said engine upon and over the deceased, thereby killing him; that deceased left a widow and children, etc.

Appellee pleaded the general issue only.

After the evidence for the appellant closed, the appellee, by its attorneys, moved the court to take the case from the jury, and presented an instruction to that effect, when the court directed the jury to find the appellee not guilty,

which the jury did, and judgment was rendered accordingly. The court took the case from the jury on the theory that the provision in section 2 of the act requiring compensation for causing death by wrongful act, neglect or default, namely, " Provided that every such action shall be commenced within two years after the death of such person," pertains to the right, and not merely to the remedy; that the provision is not merely a limitation, but is a condition, non-compliance with which extinguishes the right. Appellee's counsel have argued this question elaborately, and with great force, citing in support of the view above stated, Luther v. Luther, 122 Ill. 564, and numerous other cases. The principle of the decision in Luther v. Luther, as we understand the case, supports the contention of appellee, that the provision of the statute above quoted goes to the right and not merely to the remedy, as do also other decisions cited by appellee's counsel. But in Wall, administratrix, etc., v. Chesapeake and O. R. R. Co., 200 Ill. 66, decided since the filing of briefs in this case, a contrary view is expressed. The action was similar to this, and on the same statute. It appeared on the face of the declaration that the action was commenced more than two years after the injury occurred. The defendant demurred to the declaration, and, the demurrer having been overruled, elected to stand by its demurrer. The court, after holding that, to raise the question here discussed, it was necessary to plead the statute of limitations, say :

" But it is insisted that the bringing of the action within two years after the date of the injury, is a condition precedent and not a limitation. The contention is not well taken. The bringing of the action within two years, may or not be a condition precedent, upon which the plaintiff can recover. Each case must depend upon its peculiar facts, and the plaintiff, as before said, should be given an opportunity to set up those facts, if they form an exception to the statute."

It follows from this decision that appellee, not having pleaded the statute of limitations, can not properly raise the question.

Appellee's counsel contend that the deceased was shown by the evidence to have been guilty of negligence, in the absence of which the injury would not have occurred; but we can not so hold, as matter of law, on the evidence before us.

The judgment will be reversed and the cause remanded.