H. R. Heimberger, Administrator, Appellee, v. Elliott Frog and Switch Company, Appellant.

STATUTE OF LIMITATIONS—*when section 25 relating to the commencement of action after non-suit, does not apply.* Section 25 of the Statute of Limitations which gives to the plaintiff a year after non-suit in which to commence anew, does not apply to suits commenced under the Injuries Act.

Heimberger, Admr., v. Elliott Frog and Switch Co., 151 Ill. App. 318.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. W. J. N. Moyers, Judge, presiding. Heard in this court at the October term, 1909. Reversed. Opinion filed November 13, 1909.

PERCY WERNER and WISE, McNULTY & KEEFE, for appellant.

WEBB & WEBB and D. J. SULLIVAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On May 10, 1905, Thomas Durkin, a young man 17 or 18 years of age, was employed in appellant's shops and while he was engaged in moving a heavy iron frog, certain parts of a hoist used in that work fell on and killed him. On August 16, 1905, appellee, as administrator of the estate of said Thomas Durkin, deceased, brought suit under the Injuries Act for the benefit of the next of kin to recover damages laid at $10,000 for the death of Durkin, which was alleged to have been caused by the negligence of appellant. The case was continued from the August to the December term, 1905, and on January 8, 1906, appellee took a non-suit. On February 19, 1906, appellee commenced a second suit and on that day a declaration was filed and summons served. Appellant filed a plea of not guilty and on March 28, 1906, the suit was dismissed by the court for failure of appellee to file a bond for costs, in compliance with a rule previously entered against him. On April 4, 1906, a third suit was commenced and this suit was afterwards set for trial January 7, 1907, at which time appellee applied for a continuance. He was allowed thirty minutes to file an affidavit, which he failed to do and the suit being dismissed for want of prosecution, appellee on the same day commenced this, his fourth suit, for the same cause of action. Appellant filed a plea of the general issue and also a special plea of the Statute of Limitations, alleging that the

cause of action had not accrued within one year next before the commencement of the suit. Appellee filed a *similiter* to the general issue and a special replication to the plea of limitations, alleging that the action ought not be barred because he had brought suit on April 4, 1906, within one year after the action accrued to him and that a judgment of non-suit was rendered against him in said suit on January 7, 1907, and that within one year thereafter, to-wit, on the 7th day of January, 1907, he began this suit for the same cause of action. A demurrer was filed by appellant to the replication to the second plea, which was overruled and thereupon appellant filed a rejoinder to the replication, setting out the judgment of non-suit entered January 8, 1906, and alleging that the present suit was not commenced within one year after the death of Durkin. Appellee demurred to the rejoinder and his demurrer was sustained by the court. Appellant excepted to the ruling of the court and elected to abide by its rejoinder. The trial resulted in a verdict and judgment for appellee.

The pleadings in this case show upon their face that this suit was not commenced within one year after the death of Durkin, but it is claimed by appellee that paragraph 25, chapter 83 of the Revised Statutes (Hurd 1905), authorized the commencing of this suit after the expiration of one year from the time the cause of action accrued, under the circumstances shown by the pleadings to have existed. That section of the statute provides: ''In any of the actions specified in any of the sections of said act * * * if the plaintiff be non-suited, then if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after.'' This action was commenced under section 2 of the Injuries Act and was therefore

not one of the actions "specified in any of the sections of said act," which was the act in regard to limitations. But notwithstanding this fact, it is claimed by appellee that said paragraph of the act in regard to limitations does apply to section 2 of the Injuries Act, which provides that actions brought under said act shall be commenced within one year after the death of the person on account of the loss of whom the suit was brought.

Appellee places special reliance upon three cases in our courts, which he claims support his views and to which we will refer. The first is Wall v. C. & O. R. R. Co., 200 Ill. 66. That was a case under the Personal Injuries Act, where it appeared from the declaration that more than two years had elapsed from the time of the injury to the bringing of the suit. A general demurrer was sustained and plaintiff elected to stand by the declaration. It was insisted by the defendant that, as it appeared that more than two years had elapsed from the time of the injury to the bringing of the suit, the defense of the Statute of Limitations coüld be made by demurrer. It is there said: "The defendant cannot demur to a declaration even where it appears on its face that the limitation prescribed by the statute has expired, because the plaintiff would thus be deprived of the opportunity of replying and pleading any matter which would prevent the bar from attaching. The defendant must plead the statute if he wishes to avail himself of it."

The above holding does not affect the case before us, for the reason that the defendant did in fact plead the Statute of Limitations in this case, instead of demurring to the declaration, and such plea, together with the subsequent replication and rejoinder, fully set out the facts relied upon by both parties, on the one hand to assert the bar and on the other to prevent it from attaching.

322    Appellate Courts of Illinois.

Heimberger, Admr., v. Elliott Frog and Switch Co., 151 Ill. App. 318.

It is further said in said case: "But it is insisted that the bringing of the action within two years after the date of the injury is a condition precedent, and not a limitation. This contention is not well taken. The bringing of the action within two years may or may not be a condition precedent upon which the plaintiff can recover. Each case must depend upon its peculiar facts and the plaintiff, as before said, should be given an opportunity to set up those facts if they form an exception to the statute."

The case of Stephan v. L. S. & M. S. Ry. Co., 106 Ill. App. 13, which is the second of the cases relied upon by appellee, simply reiterates the doctrine laid down in the case last above mentioned, that the bringing of the action within two years (as the law then was) might or might not be a condition precedent upon which the plaintiff could recover, depending upon the peculiar facts of the particular case. Neither the pleading in this case, nor indeed the evidence on the trial, shows any peculiar facts which it is claimed by appellee would prevent the bar from attaching, except those facts relating to the non-suits, which it is said entitled appellee to the extension of time provided for by paragraph 25 of the Limitations Act.

The case of Koch v. Sheppard, 223 Ill. 172, the third case relied upon by appellee, holds, that the non-suits referred to in said paragraph of the Limitations Act as extending the time within which suit may be brought, mean involuntary non-suits and not voluntary non-suits. It is apparent therefore that the above cases can be of no assistance in determining the questions presented here, unless the provision of the Limitations Act above referred to, applies to the section of the Injuries Act, under which this suit is brought. As we have above seen, paragraph 25 of the Limitations Act only applies the provision for the extension of time to "the actions specified in any of the sections of said act." The Injuries Act is a special act giving a method of relief not provided for in any of the sec-

tions of the Limitations Act and containing a special provision of its own fixing the time within which suit may be brought.

In L. S. & M. S. Ry. Co. v. Dylinski, 67 Ill. App. 114, it is held, that the words "actions for damages for an injury to the person" as contained in section 14 of the Limitations Act, do not include actions under the Injuries Act for death "caused by wrongful act," etc.; that actions under the latter statute are not for the injury the person injured suffered, but for the pecuniary loss to the widow and next of kin resulting from the death; and it is said "it follows that the provisions of section 25 of chapter 83 (Limitations Act) as to 'actions specified in any of the sections of' that act, have no reference to actions given by Ch. 70 (Injuries Act). The death was September 26, 1892. This suit was commenced October 29, 1894. Chapter 70 limited the time in which the action might be commenced to two years after the death. That time was not extended by a non-suit in a previous action." The doctrine advanced by the case last mentioned appears to us to be sound when taken in connection with the language of the two acts referred to, and we agree with it, that paragraph 25 of the Limitations Act cannot properly be held to apply to suits commenced under the Injuries Act.

We are therefore led to the conclusion that the court below erred in sustaining the demurrer to appellant's rejoinder and that the judgment in this case must be reversed and the cause remanded.

\*            \*            \*            \*            \*

Since the above opinion was filed, appellee has asked for a rehearing as to that portion of the judgment of this court wherein the cause is remanded to the trial court for further proceedings. Appellee states that there are no facts which would warrant any further or other replication than the one now in the record and that, therefore, the holding of this court, that the demurrer to appellant's rejoinder should have been

324    APPELLATE COURTS OF ILLINOIS.

Gentlemen's Driving Club v. Union Biscuit Co., 151 Ill. App. 324.

overruled, in effect is a final disposition of the case; and he requests that the judgment of this court be modified by striking out that portion of the same which remands the case to the trial court. A rehearing has been granted and upon a further consideration of the cause, we are of opinion the petition of appellee to strike out the remanding order should be granted. The judgment of the court below will therefore be reversed, but the cause will not be remanded.

*Reversed.*