Peter A. Rabig, Administrator, Appellant, v. Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, Appellee.

Gen. No. 21,913.

DEATH, § 30*—*when statute as to bringing action for after nonsuit inapplicable.* Paragraph 25 of the Limitations Act (J. & A. ¶ 7220), relating to the commencement of an action within one year after nonsuit, by the plaintiff or his personal representatives, does not apply to actions under Rev. St. ch. 70 (J. & A. ¶ 6184 et seq.), as to death from wrongful act, neglect or default where such act, neglect or default would, if death had not ensued, have entitled the party injured to maintain an action to recover damages.

GOODWIN, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 28, 1917.

LITZINGER, McGURN & REID, for appellant.

GLENNON, CARY, WALKER & HOWE, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Appellant brought this suit July 27, 1912, against the appellee, to recover damages for the death of appellant's intestate, Genevieve M. Rabig, alleged to have been caused by the "wrongful act, neglect or default of appellee." The declaration alleged that the deceased came to her death by reason of the wrongful act or negligence of the appellee, August 23, 1909; that on December 6, 1909, the administrator brought suit to recover damages in the Circuit Court of Kankakee county, Illinois, which was subsequently transferred to the Circuit Court of the United States for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the Eastern District of Illinois; that on September 5, 1911, the administrator not being prepared to proceed, the suit was dismissed for want of prosecution; that on July 27, 1912, and within one year from such dismissal, this suit was commenced in the Circuit Court of Cook county. This action is brought under chapter 70, Revised Statutes (J. & A. ¶ 6184 *et seq.*). Appellee filed a plea of not guilty, and a special plea of the statute of limitations, setting up that the cause of action did not accrue within one year prior to the commencement of the suit. To this plea, appellant filed a replication setting forth the bringing of the suit in the Circuit Court of Kankakee county and the dismissal thereof as above set forth, and alleged that this suit was brought within one year after such dismissal. Appellee demurred to the replication. The demurrer was sustained and the suit dismissed.

Both parties concede that the sole question involved in this appeal is whether the right of action for wrongful death, arising under chapter 70 (J. & A. ¶ 6184 *et seq.*), is covered by paragraph 25 of the Statute of Limitations (J. & A. ¶ 7220).

Chapter 70 provides, in substance, that whenever the death of a person shall be caused "by wrongful act, neglect or default" and the wrongful act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages, then in such case the person or the corporation which would have been liable if death had not ensued shall be liable, notwithstanding the death of such person; that every such action shall be brought by the personal representative of the deceased person, and the amount recovered, not exceeding $10,000, shall be for the exclusive benefit of the widow and next of kin of such deceased, and "that every such action shall be commenced within one year from the death of such person."

Chapter 83, Revised Statutes (J. & A. ¶ 7196 *et seq.*), is "An Act in Regard to Limitations" and specifies the time within which certain actions must be brought. Section 12 of the Act (J. & A. ¶ 7207) provides: "The following actions can only be commenced within the periods hereinafter prescribed, except when a different limitation is prescribed by statute." This chapter was amended in 1873. Section 2 of the amendment, (paragraph 25, J. & A. ¶ 7220) provides: "In any of the actions specified in any of the sections of said Act, * * * if the plaintiff shall be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, * * * may commence a new action within one year after such judgment * * * against the plaintiff, and not after."

It will be noted that paragraph 25 covers only actions mentioned in the statute of limitations and nowhere is any mention made of the right of action created by chapter 70. We are therefore of the opinion that the cause of action provided for in chapter 70 is not covered by chapter 83, but is expressly excluded therefrom by section 12 above quoted. Chapter 83, as is shown by its title and the entire act, is a statute of limitations, and section 12, expressly excepts from chapter 83 all actions where a different limitation is prescribed by statute. And it is provided in section 2 of chapter 70 (J. & A. ¶ 7220) that the right of action mentioned therein shall be brought within one year after the death of the person. It therefore follows that the case at bar does not fall within the provisions of paragraph 25, and the demurrer to appellant's replication was therefore properly sustained. The same conclusion was reached by the Appellate Court in the cases of *Lake Shore & M. S. Ry. Co. v. Dylinski*, 67 Ill. App. 114, and *Heimberger v. Elliott Frog & Switch Co.*, 151 Ill. App. 318.

The judgment of the Superior Court of Cook county is affirmed.

*Affirmed.*

MR. JUSTICE GOODWIN dissenting.

I find myself unable to concur in the conclusions of the court, and as the case involves a question of statutory construction of some importance, I feel constrained to give the reasons for my dissent.

The action is brought under the act requiring compensation for causing death by wrongful act, neglect or default, in force February 12, 1853, and amended by an Act approved May 13, 1903. The act originally required that the action should be brought within two years from the time it accrued, and by the amendment it is now required to be commenced within one year after the death. The pleadings disclose that an action for the wrongful death was properly begun within one year after the action accrued, that an involuntary nonsuit was suffered, and that the present action was brought within one year thereafter. Section 2 of an Act passed in 1873, amending the limitations statute (commonly referred to as paragraph 25 of chapter 83 of the Revised Statutes, J. & A. ¶ 7220), provided that: "In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff, * * * or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

The question presented is as to whether this provision permitting a new action within one year after nonsuit applies in the case at bar. This question is not, of course, to be determined by the exact phraseology of the act. Upon this question our Supreme

Court has said, in *Uphoff v. Industrial Board of Illinois*, 271 Ill. 312 [13 N. C. C. A. 90], at page 315:

"The intention of the lawmakers is the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. In construing a statute the courts are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute though not within the letter. A thing within the letter is not within the statute if not also within the intention."

In determining the intention, the court had said, in *People v. Wabash, St. L. & P. Ry. Co.*, 104 Ill. 476, at page 485:

"Again, in arriving at a proper construction to be placed upon an act of the Legislature, it is a legitimate inquiry to ascertain the purpose and object of the law, the evil to be remedied, and the wrong to be righted by the passage of the law."

The provision permitting a new action to be begun within one year from the entry of an involuntary nonsuit cannot be read without a conviction that the purpose of the Legislature was to relieve litigants from the hardships resulting from the dismissal of their actions for reasons for which often they were not responsible, and that actions of the character of the one at bar are as much within the reason of the statute as any that can be imagined. It could hardly be imagined that the Legislature intended to save the right of action in every conceivable case except one brought to obtain compensation for families of those injured by the wrongful death of a supporting member. To give such a right in case of injury and to deny it in case of death shocks one's sense of justice, and such an inhumane intention ought not to be attributed to the Legislature unless compelled by established canons of statutory construction. In discussing these canons, our Supreme Court said, in *Zarresseller v. People*, 17 Ill. 101, at page 104:

"The grand object in construing statutes is to ascertain the will of the Legislature; and to accomplish this, courts not only will look to the provisions and language of the whole act, but to the law as it was at the time of the passage of such act, to the cause and motive of the act, and the mischief to be remedied or avoided thereby."

Looking into the history of the legislation on this subject, we find that chapter 66 of the Revised Statutes of 1845 provides, among other things, as follows:

"Section 1. All actions of trespass *quare clausum fregit*, all actions of trespass, detinue, trover and replevin, for taking away goods and chattels, all actions for arrearages of rent, due on a parol demise, and all actions of account, and upon the case, except actions for slander, and except also, actions for malicious prosecution, and such actions as concern the trade of merchandise, between merchant and merchant, their factors or agents, shall be commenced within five years next after the cause of such actions shall have accrued, and not after."

The statute, after providing for limitations in other cases, proceeds as follows:

"Section 12. If, in any of the said actions specified in any of the preceding sections of this chapter, judgment be given for the plaintiff, and the same be reversed by writ of error or upon appeal, or if a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or if the plaintiff be non-suited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case may require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

These provisions of section 12 are identical with those of paragraph 25, now under consideration. It will be noted that the Act of 1845 specified all actions "upon the case" except slander, etc., and that, in con-

sequence, all such actions were covered by section 12. It cannot be doubted that an action of the character of the one at bar is an action upon the case within the meaning of the Act of 1845, and was, therefore, covered by its terms. It is true, of course, that the statute authorizing actions for wrongful death was not in existence in 1845, but this is immaterial, because the term "actions upon the case" included not only actions of a character in existence at that time, but included as well all actions falling within the designation which might thereafter be created. In other words, the cause of action provided for by the Act of 1853, fell within the general terms of the act which provided for all actions upon the case, and therefore came within section 12, which extended the right of action for a year after a nonsuit "in any of the said actions specified in any of the preceding sections of this chapter." It is quite immaterial that the Act of 1853 provided for a shorter period of limitation than that named in the limitations act. Actions for causing death obviously fell within the general designation of "all actions upon the case," and in the absence of special provisions would have been governed by the terms of the limitation act. The fact that a special and subsequent act prevented the general limitation from applying did not, of course, make it any the less true that they continued to be embraced by the general term "all actions upon the case." The situation is exactly the same as though the Legislature had, by a special act, required that all actions in trover should be begun within one year. In that case, actions of trover would still have continued to be among the actions specified in the act, although the general limitation would have ceased to be operative. It therefore follows that as actions in death cases fell within the general designation of "actions upon the case," as provided for in section 1 of the Act of 1845, and as a right was given to bring an

action within a year after nonsuit in all such cases, prior to the revision of 1872, an action similar to the one at bar could have been recommenced within one year after involuntary nonsuit.

By the revision of 1872, the form of the limitations act and its phraseology were changed, but the substance of the law itself remained the same. It is now contended, and the majority of the court holds, that when the phraseology of the present act is examined, an action brought for a wrongful death must be excluded from the benefit of the saving clause of paragraph 25, which permits new actions to be brought within one year after involuntary nonsuit. In this conclusion I am unable to concur. It will be seen that section 25 of the present Limitations Act is identical with section 12 of the Act of 1845, with the single exception of the transposition of the word "if." As indicated above, it seems clear to me that actions for wrongful death fell within the terms of section 12 up to the time of the revision of 1872, and that by the terms of the former act the right to begin a new action within a year after an involuntary nonsuit had been given in every conceivable form of action, and that this had been the established public policy of the State for a period of some twenty years at least. It would, therefore, seem that when they re-enacted the identical language of section 12 they intended that it should have as broad a scope as it formerly had had. If the meaning of the words of the present statute, then, are to be enlarged or restricted according to the real intent, and we are not confined to the literal meaning of the words, we must conclude that as actions of the character of the one before us are within the intention of paragraph 25, they must be regarded as within the statute, even though it were conceded that they were not within its letter.

I am, therefore, of the opinion that the words, "in

any of the said actions specified in any of the preceding sections," when properly construed, include actions of the kind in question here, and that appellant had the right to recommence his action within one year after the involuntary nonsuit.