WILLIAM M. GUNTON

*v.*

THOMAS HUGHES *et al.*

*Opinion filed October 13, 1899.*

PLEADING—*in suits at law matters specially pleaded cannot be avoided by amending the declaration.* Matters in confession and avoidance of a special defense set up by plea should, in actions at law, be made by replication, and not by amendment to the declaration.

*Gunton* v. *Hughes,* 79 Ill. App. 661, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

C. VANALEN SMITH, (JAMES A. FULLENWIDER, of counsel,) for appellant.

LEVI SPRAGUE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

To a secondly amended declaration in an action on the case for libel, filed by appellant, a general and special demurrer were sustained, and on appeal the Appellate Court affirmed the judgment rendered in bar of the plaintiff's action. Upon this his further appeal the appellant, who stood by his declaration below, insists that his pleading set forth a good cause of action, which was not barred, and that it was error to sustain the demurrer.

To the original declaration the defendants had, in addition to other pleas, pleaded the Statute of Limitations, and the plaintiff then filed the amended declaration now under consideration, in which he, in alleging the libel complained of, set out two certain letters of the defendants, dated, respectively, February 27 and March 3, 1894, written to certain lumber merchants in answer to their inquiries as to the financial standing and responsibility

of the plaintiff and as to the probable correctness of any financial statement he should make, the first of which letters contained the following: "On account of our former connections with the party named we are sorry you asked us such a leading question concerning him. But if a statement he has made is a sample of what he is making to you, then there is no reliance to be placed in them. In fact, that is his greatest trouble. Trust this is confidential." And the second contained the following: "We will say we consider the statement radically wrong, as we do not consider him worth any such amount, yet we do not care to go into details." The plaintiff then alleged further that the defendants fraudulently concealed from the plaintiff the fact that they had written and sent said letters, (setting up the facts, and alleging further injury to his business, trade and reputation on account of such concealment,) and alleged that because of such fraudulent concealment he did not discover that he had such cause of action until, to-wit, fifteen months after said letters were sent. The purpose of this allegation was to avoid the statute and to bring the parties within the twenty-second section of the "Act in regard to limitations," which is as follows: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards."

We shall not in this case consider the two questions to which counsel have chiefly addressed themselves in argument,—that is, first, whether or not the writing complained of was libelous; and second, whether or not said section 22 applies to such actions. We are satisfied the demurrer was properly sustained to the declaration for another reason which should not be ignored, as it involves well defined distinctions between common law and equity pleading:

In order to avoid the effect of the defendants' plea of the Statute of Limitations, which had been filed to the declaration before it was amended, the plaintiff, pursuing the rules governing equity pleading, amended his declaration and undertook to confess and avoid that branch of the defense. It has become the settled rule in equity in this State, that where it appears on the face of the bill that the cause of action is barred by *laches* or the Statute of Limitations, the defect may be reached by demurrer to the bill. (*Board of Supervisors of Henry County* v. *Winnebago Swamp Drainage Co.* 52 Ill. 454; *Same* v. *Same*, id. 299; *Kerfoot* v. *Billings*, 160 id. 563; *Coryell* v. *Klehm*, 157 id. 462.) Special replications are not now permissible in equity pleadings, and matters which might be specially pleaded in reply to the answer must be availed of by amendments to the bill. (*Tarleton* v. *Vietes*, 1 Gilm. 470; Rev. Stat. chap. 22, sec. 28.) When, therefore, the bill sets up the facts in avoidance of the statute or in excuse for the delay in filing the bill, it follows, as a reasonable rule, that their sufficiency may be tested by demurrer. But no such rule obtains in common law pleadings, where special replications are not only allowable but are necessary. No authority at the common law has been cited, and we know of none, which would sustain the method of pleading resorted to in this case. Such a rule prevails in several States under codes, but the practice in this State has always been as at common law, to reply specially matters in confession and avoidance of special matters of defense set up by plea, and section 32 of the Practice act recognizes the propriety of such replications. In Chitty's Pl. 496, it is said: "It was always necessary to plead the Statute of Limitations specially." In 13 Ency. of Pl. & Pr. 200, the author says: "In actions at law, as contradistinguished from actions under the code, it has always been the established rule that if the defendant desires to avail himself of the Statute of Limitations as a bar to the demand in suit he must plead the

defense. He cannot demur to the declaration, even where it appears on its face that the limitation prescribed by the statute has expired, for the principal reason that thereby the plaintiff would be deprived of the opportunity of replying that the case was within some of the exceptions to the statute, or any other matter which would prevent the bar from attaching."

Such, of course, is the rule, and as the defendant can not, at law, raise the question by demurrer whether the action is barred or not, but must plead the statute if he wishes to avail himself of it, it follows, as a logical sequence, that the plaintiff cannot avail himself of matter in avoidance of the statute by pleading such matter in his declaration before the statute has been set up as a bar by plea. The declaration tendered a double issue, and also was framed in plain violation of established precedents and rules of common law pleading. The demurrer was both general and special, and was properly sustained. To overrule it here would unsettle rules of pleading long established, and introduce confusion and uncertainty where none now exist. The distinctions between common law and equity pleadings are well defined and well understood by the legal profession, and cannot be ignored. The equity cases cited by counsel show only the rule in equity—not the rule at law. As said in *Wisconsin Central Railroad Co.* v. *Wieczorek*, 151 Ill. 579: "Deviations from well settled rules of proceeding are always of questionable expediency, and where indulged, because of some inconvenience or supposed hardship, have generally introduced confusion, and by becoming precedents have led to the perversion of an orderly and just administration of the law." The plaintiff elected to stand by his declaration rather than to amend.

The judgment will be affirmed.

*Judgment affirmed.*