**Sarah M. Wall, Adm'r, etc., v. Chesapeake & Ohio Ry. Co.**

1. LIMITATIONS—*Actions for Damages Arising from the Death of a Person by the Negligence of Another.*—In this State the bringing of an action for damages arising from the death of a person caused by the wrongful act of another, within two years from such death, is a condition precedent to a recovery.

2. SAME—*When the Question May be Raised by Demurrer.*—It is necessary in this State to allege and prove that the action was begun within the time fixed by the statute of limitations, and a declaration which fails to so charge is obnoxious to a general demurrer.

3. COURTS—*Of a State Are Created for the Benefit of Its Citizens.*—Courts are created by each State for the convenience and benefit of its citizens and those coming therein; and the nature of the remedies as well as the regulation thereof are determined by its views of justice and propriety, and fashioned in accordance with its wants and customs.

4. PRACTICE—*Actions Brought in the Courts of this State on Causes Arising in the State of Ohio.*—Where an action for damages resulting from the death of a person from negligence occurring in the State of Ohio, is brought in the courts of this State, it must. as to conditions precedent to the bringing thereof or limitations thereon, be brought within the terms of the statute of this State.

5. SAME—*Where an Action is Transferred to a Federal Court and*

*There Dismissed.*—Where an action is brought in a State court and transferred to a Federal court and is dismissed in that court, the plaintiff is at liberty to bring another action where he sees proper to do so.

**Trespass on the Case.**—Death from alleged wrongful act. Appeal from the Circuit Court of Cook County; heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902.

This suit was brought by appellant to recover damages arising from the death of Edward Wall, occasioned, it is alleged, by the negligence of appellee.

January 5, 1900, a declaration containing twelve counts was filed, to which a general demurrer was interposed, which was, January 12, 1901, sustained. The plaintiff elected to stand by her declaration, and judgment was rendered against her, from which judgment she appeals.

The first four counts of the declaration allege that the accident occurred in the State of Ohio and that by the laws thereof, where an injury occurs which results in the death of the person injured, a jury may give damages, in no case to exceed $10,000, for the benefit of the widow and next of kin, etc.

Counts five to eight contain the same charges, with the further allegation that under the laws of Ohio every such action shall be commenced within two years after the death of such deceased, and that " if, in an action commenced or attempted to be commenced in due time, a judgment for plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action, has, at the date of such reversal or failure, expired, the plaintiff, or if he die, his representatives, may commence a new action within one year after such date; and this provision shall apply to any claim asserted in any pleading by any defendant."

Counts five to eight each charge that a suit was commenced in the Circuit Court of Cook County, on the 29th day of March, 1898, which was removed to the Circuit Court of the United States for the Northern District of Illinois; that a motion was there made to quash the service of the summons upon the defendant, and that the service of summons

was quashed and the cause was thereupon dismissed on the 28th day of November, 1898; that it was not tried upon the merits, and that this action was commenced within one year thereafter, and that it is the same cause of action as herein stated.

Counts nine to twelve are the same as counts five to eight except they do not allege the limitations contained in the statute of Ohio or the extension thereof.

Two questions were argued, viz.: First, that while it was charged in the declaration under a videlicit only, that within two years from the death of the deceased and the time the cause of action accrued, a suit was begun in the Circuit Court of Cook County by the plaintiff herein, it did not appear that the present action was begun within two years from the death of said Wall, nor that the first suit was dismissed more than two years after said death; second, that the action having been once transferred to the United States Court, the *situs* of the action was there fixed, and although that court dismissed it for want of jurisdiction, it could not again be commenced in any other court than the United States Court to which it was removed.

BULKLEY, GRAY & MORE, attorneys for appellant.

REMY & MANN, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

In this State the bringing of an action for damages arising from the death of a person caused by the wrongful act of another, within two years from such death, is a condition precedent to a recovery. Such, from the declaration, appears to be the law also of the State of Ohio.

It is necessary in this State to allege and prove that the action was begun within such time; and a declaration that fails to so charge is obnoxious to a general demurrer. Chitty on Pleading, 16th Am. Ed. 329–337; Gunton v. Hughes, 181 Ill. 132; Barker v. Hannibal & St. Joseph Ry. Co., 91 Mo. 86–92; Hill, Adm'r, v. Town of New Haven, 37 Vt. 501, 511, 512; Henderson v. Wheaton, 139 Ill. 581;

Tichenor v. Newman, 186 Ill. 264, 279, 280; Wood on Limitations, Second Ed., Sec. 9.

This action is brought under either a statute of the State of Ohio or the statute of the State of Illinois. If brought under the statute of this State the declaration fails to show that it was begun within two years from the death on account of which the suit is; if brought under the statute of Ohio it must, as to conditions precedent to the bringing thereof or limitations thereon, be brought within the terms of the statute of this State.

Courts are created by each state and nation for the convenience and benefit of its citizens and those coming therein; and the nature of the remedies as well as the regulation thereof are determined by its views of justice and propriety, and fashioned in accordance with its wants and customs.

Several of appellant's counts set up the beginning of an action in the State of Illinois on the 29th day of March, 1898, its removal to the United States Court for the Northern District of Illinois, its dismissal there, and the further fact that according to the laws of Ohio, in case of action brought and dismissal other than upon the merits, when the time limited for the bringing of such action has lapsed a new action may be brought within one year after such dismissal.

None of these counts show that the present action was brought within two years from the death of Edward Wall; they are, moreover, an attempt to set up a remedy afforded by the law of Ohio, and argumentatively that the State of Illinois must, on account of the negligence and death taking place in Ohio, afford the remedies given by that State.

We do not regard the transfer of the former action to the United States Court as requiring that subsequent actions must be there brought. The distinction between a cause of action and an action is obvious.

The former action was transferred from the State to the United States Court; the cause of action remained in the plaintiff, and when the former action was at an end, the plaintiff could bring another action where he saw fit.

The judgment of the Circuit Court is affirmed.