SARAH MARY WALL, Admx.

*v.*

THE CHESAPEAKE AND OHIO RAILROAD COMPANY.

*Opinion filed December 16, 1902.*

1. PLEADING—*defense of Statute of Limitations must be raised by plea, in suit at law.* That a declaration in a personal injury case shows, upon its face, that more than two years elapsed between the time of the injury and the time of bringing suit, does not authorize the defense of the Statute of Limitations to be raised by demurrer.

2. SAME—*matters in avoidance of statute should not be alleged in declaration.* Matters in avoidance of the Statute of Limitations should not be alleged by the plaintiff in his declaration, and a failure to observe such rule renders the count objectionable upon special, but not upon general, demurrer.

*Wall* v. *Chesapeake & Ohio Railroad Co.* 101 Ill. App. 431, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

BULKLEY, GRAY & MORE, for plaintiff in error.

REMY & MANN, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This suit was begun by plaintiff in error to recover damages for occasioning the death of her intestate, as it is alleged, by reason of the negligence of the defendant in error. To a second amended declaration containing twelve counts, filed on January 5, 1900, the court sustained a general demurrer, and plaintiff having elected

to stand by her declaration as amended, and judgment for costs having been rendered against her, she appealed to the Appellate Court for the First District, where the judgment below was affirmed, and the case is brought to this court upon writ of error.

The question is one of pleading. Plaintiff in error insists that the court erred in sustaining the demurrer. The first four counts of the declaration are alike, except the allegations as to the place where the injury was received, and they allege, in substance, that the deceased, on May 24, 1896, while accompanying a train carrying live stock and passing through the city of Cincinnati, and while he was riding on the top of one of the cars, there being no safe place provided by the company for him to ride, was struck by a bridge or viaduct which crossed over the track and was greatly injured, resulting in his death. The negligence averred is, that the defendant failed to furnish him a safe place in which to ride while caring for the live stock, and failed to warn him of the danger he incurred in so riding in the place provided for him to ride, namely, on the top of the cars.

From the face of the declaration it appears that more than two years elapsed from the time of the injury to the bringing of the suit, and it is insisted by defendant in error that therefore the action could not be sustained, and hence the defense of the Statute of Limitations could be made by demurrer. Mainly on this ground it is insisted the trial court properly sustained the demurrer. In equity, where it appears on the face of the bill that the cause of action is barred by *laches* or the Statute of Limitations, the defect may be reached by demurrer to the bill. But the rule is otherwise in common law pleading. The defendant cannot demur to a declaration even where it appears on its face that the limitation prescribed by the statute has expired, because the plaintiff would thus be deprived of the opportunity of replying and pleading any matter which would prevent the bar from

attaching. The defendant must plead the statute if he wishes to avail himself of it. (*Gunton* v. *Hughes,* 181 Ill. 132.) The demurrer to the first four counts was therefore improperly sustained.

Counsel concede that under our practice the bar of the Statute of Limitations cannot be availed of by demurrer, but, on the contrary, admit that the statute must be pleaded, for the reason that when pleaded the plaintiff is thereby afforded an opportunity of replying that the case is within some exception to the statute; but it is insisted that the bringing of the action within two years after the date of the injury is a condition precedent, and not a limitation. This contention is not well taken. The bringing of the action within two years may or may not be a condition precedent upon which the plaintiff can recover. Each case must depend upon its peculiar facts, and the plaintiff, as.before said, should be given an opportunity to set up those facts if they form an exception to the statute.

Other counts in the declaration under consideration allege matters in avoidance of the Statute of Limitations, and this manner of pleading is contrary to the established rules and precedents. As is said in *Gunton* v. *Hughes, supra:* "It follows, as a logical sequence, that the plaintiff cannot avail himself of matter in avoidance of the statute by pleading such matter in his declaration before the statute has been set up as a bar by plea." Such counts would be objectionable under special demurrer, but the demurrer under consideration is general, only.

Counsel for defendant in error raise other objections to the plaintiff's declaration, but they are technical, and, in our opinion, immaterial.

We think the trial court, for the reasons stated, erred in sustaining the general demurrer to the plaintiff's declaration. The judgments of the Appellate and circuit courts will be reversed and the cause remanded to the circuit court.          *Reversed and remanded.*