Sarah Mary Wall, Administratrix, Appellee, v. The Chesapeake and Ohio Railway Company, Appellant.

### Gen. No. 19,884.

1. PLEADING, § 285*—*when refusal to allow filing of additional plea is error.* In an action against a railroad company to recover damages for the death of plaintiff's intestate alleged to have been caused by striking a bridge while riding on the top of a car, refusal of court to allow the defendant to file an additional plea denying ownership and control of the tracks and train upon which the accident occurred, on the ground that the plea was offered too long after the beginning of the suit and the filing of the declaration, *held* an abuse of the trial court's discretion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. DEATH, § 30*—*provision as to time of bringing suit construed.* A provision in an Ohio statute requiring a suit for wrongful death to be brought within two years, *held* not to be a condition precedent but a limitation, and subject to the provisions of a general limitation law of said State, providing that if an action is commenced with due time and plaintiff fails in the suit other than on the merits, he may commence a new suit within one year thereafter.

3. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 28*—*what does not constitute an involuntary nonsuit.* Where a cause was removed to the Federal Court and that court quashed the process served upon defendant, the fact that the plaintiff consented to a dismissal of the suit for want of prosecution, for the reason she did not desire to pursue her litigation in that court, *held* not to constitute an involuntary nonsuit or amount to an abandonment of the cause of action.

4. DEATH, § 15*—*retroactive effect of statute.* Act of 1903, amending section 2 of the "Campbell Act" of Illinois, J. & A. ¶ 6185, rendering unsustainable the further prosecution of suits for death occurring outside this State, *held* not retroactive in its operation.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 13, 1914.

WORTH E. CAYLOR, for appellant; HENRY C. STARR, of counsel.

BULKLEY, GRAY & MORE, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court of Cook county for six thousand dollars entered August 27, 1913, against the defendant in that court and appellant in this, the Chesapeake and Ohio Railway Company, in favor of the plaintiff in that court and appellee in this, Sarah Mary Wall, who sued as administratrix of the estate of Edward Wall, for the death of said Wall, caused, as she maintained, by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fault and negligence of the defendant Railway Company.

As the cause must be disposed of here on a question which does not involve the details of the occurrence by which the plaintiff's intestate lost his life, nor his alleged contributory negligence in connection therewith, it is only necessary to say concerning the accident that he was fatally injured by striking a bridge in Cincinnati, Ohio, under which a cattle car on the top of which he was riding was passing. The accident occurred May 24, 1896, and the victim of it, Edward Wall, died May 25, 1896. We think that the question of the alleged negligence of whoever was responsible for the operation of the train in question and the question of the contributory negligence of the plaintiff's intestate were for the jury, and will be so if the cause is again tried.

A preliminary question, however, that must be decided, is whether the defendant in this suit was responsible for the operation of the train.

The cause was tried before a jury in the court below, who returned a verdict for the plaintiff, on which the judgment appealed from was rendered. The trial began July 9, 1913. On June 2, 1913, the defendant Company moved the court for leave to file an additional plea. Its pleas then on file were the general issue of not guilty, and certain pleas intended to set up a limitation as to the time of commencing a suit under the "Campbell Act" of Ohio, which would defeat the present action. The additional plea which it asked leave to file alleged that:

"The said defendant, before and at the time of the committing of the * * * supposed grievances * * * laid to its charge, * * * in the * * * declaration * * * did not own, operate or control any railway in the City of Cincinnati and State of Ohio, and did not own, operate or control the engine, car or train of cars on which Edward Wall was riding at the time of the alleged injuries complained of, but

that the alleged injuries, if any, resulting to the said Edward Wall, as complained of in the plaintiff's declaration, resulted to the said Edward Wall while said Edward Wall was riding in the City of Cincinnati, State of Ohio, on the 24th day of May, 1896, on the top of a freight car under the control and operation of a railroad company, a common carrier, called 'The Covington & Cincinnati Elevated Railroad & Transfer & Bridge Company;' and that according to the laws of the State of Ohio in force and effect at the time of the said supposed grievances, the plaintiff cannot recover damages from or against it, the defendant, for any injury, or injuries, whatsoever when such injury or injuries were not caused by it, the defendant.''

Leave to file this plea was denied, on the plaintiff's contention that under the law of the State of Illinois it was offered too long after the beginning of the suit and the filing of the declaration.   To this ruling of the court the defendant excepted, maintaining its right to file said additional plea under the law of Illinois as it had been declared, and contending also that, in any event (however the law had been declared in Illinois), as the cause was based on the statutes of the State of Ohio and under the laws of Ohio the defendant would have a right to file the said plea, the court's denial of leave to file it was a denial to the defendant of its rights under the fourteenth amendment to the Constitution of the United States and under section 1 of article 4 of that Constitution.

On the trial evidence was offered with the expressed intention of proving the matters alleged in this tendered additional plea.   It was excluded on the ground that it was incompetent under the pleadings as they stood, to which again the defendant excepted, maintaining its right to have the benefit of this tendered evidence on the same constitutional grounds which it had asserted gave it a right to file its proposed additional plea.   The court, after excluding this evidence, instructed the jury that:

''It must be considered and taken as an admitted.

and established fact that the defendant railway company owned, possessed, operated and controlled the railroad and railway train at the time and place in question that this accident occurred."

It is not necessary for us to express an opinion on the constitutional question raised nor on the question whether, considering the doctrine laid down by the Supreme Court of Illinois in *Chicago Union Traction Co. v. Jerka,* 227 Ill. 95, and similar cases, the evidence offered was admissible under the pleadings as they stood, because we are clearly of the opinion that the denial of leave to file the additional plea before mentioned was an abuse of discretion and erroneous. We see no material difference between this case and that of *Clark v. Wisconsin Central Ry. Co.,* 261 Ill. 407, in which case denial of leave to file such an additional plea more than two years after the plea of the general issue had been filed, and in the midst of the trial was held to have been an abuse of discretion.

To make the contentions of the respective parties on this question clearer and also because there are other questions of law on which we think it desirable to express our opinion, inasmuch as another trial of the cause is probable, it may be well to give chronologically a history of the proceedings in the litigation resulting from this accident.

As we have stated, the accident happened in Cincinnati, Ohio, May 24, 1896. Mr. Wall died May 25, 1896. March 29, 1898, the plaintiff herein began an action in the Superior Court of Cook county, Illinois, against the defendant herein for damages for the death of her intestate. April 22, 1898, she filed her declaration, alleging among other things that Edward Wall on May 23, 1896, took charge of certain cars of live stock to be transported from Chicago, Illinois, to Newport News in Virginia; that the cars were to be hauled by the Cleveland, Cincinnati, Chicago and St. Louis Railway from Chicago to Cincinnati, and by the defendant, the Chesapeake and Ohio Railway Company,

from Cincinnati to Newport News; that the defendant did undertake to and did transport over its road from Cincinnati to Newport News the said carloads of live stock; that when the said cars of live stock and said train had arrived at Cincinnati, the said cars of live stock were turned over to the servants of the defendant and taken in charge by them, and were attached to a locomotive engine of the defendant to be transported from Cincinnati to Newport News, and that it became the duty of the defendant to attach to said train a safe place for Wall to ride; that after the said cars had been taken in charge by the defendant, the tracks used by the defendant over which said train was being hauled passed under certain street bridges or viaducts; that said bridges and said railroad over which said train was being hauled by the said defendant Company were so constructed that not sufficient space remained between the top of said cars and said bridges for persons on top of said cars to safely pass thereunder; that "while said train of cars was being so hauled by the defendant," Wall was so injured that he died, and that the defendant was negligent in not furnishing him a safe place to ride and in failing to warn him of the danger he incurred in riding as he did. The declaration also contained this averment:

"Plaintiff further avers that the said injuries causing the death of the said Edward Wall occurred in, to-wit, the City of Cincinnati and State of Ohio, to-wit, in the County aforesaid, and that under and by virtue of the Revised Statutes of the State of Ohio, Section 6134, it is provided among other things that whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the corporation which or person who would have been liable if death had not ensued, shall be liable for damages notwithstanding the death of

the person injured, etc.; and Section 6135 of the Revised Statutes of the State of Ohio among other things provides that in every such action the jury may give such damages, not to exceed in any case $10,000, as they may think proportioned to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought."

The defendant presented to the Superior Court of Cook county practically immediately and without pleading to the declaration (the order, although the date is not otherwise shown, was made during the May term of the Superior Court in 1896), a motion, petition and bond for the removal of the cause to the United States Circuit Court for the Northern District of Illinois, and the case was transferred to that court, where the defendant "appearing solely for the purpose of the motion" moved to quash the return of the sheriff of Cook county upon the summons issued from the Superior Court of Cook county. The motion was allowed and the return of the sheriff "quashed and set aside." The order of the United States Circuit Court then proceeds:

"It is further ordered and adjudged that this court is as yet without jurisdiction of the person of said defendant and said plaintiff by her attorneys having announced in open court that it is not her intention to seek further process against said defendant in said cause in this court and consenting that said cause be dismissed out of this court for want of prosecution, it is accordingly ordered and adjudged that said cause be and the same is hereby dismissed for want of service; all errors arising upon that portion of this order subsequent to quashing the service being in open court waived."

This order was entered by the United States Circuit Court on November 28, 1898, *nunc pro tunc* as of October 3, 1898.

It is stated in the briefs of both parties and appears by the report of the cause, *Wall v. Chesapeake & O. Ry. Co.*, 37 C. C. A. 129, 95 Fed. 398, that from this

order plaintiff appealed to the United States Court of Appeals for the Seventh Circuit, where the court (by a divided court) held that the service (which was on the Northwestern passenger agent of the corporation, found in Cook county) was not sufficient and affirmed the order of the Circuit Court, dismissing the suit. This decision was rendered on *June 6, 1899.*

June 8, 1899, the plaintiff began the present suit in the Circuit Court of Cook county, filing its declaration on the same day. The service of summons was made on an agent of the corporation and apparently was not this time challenged. An amended declaration in twelve counts was filed January 5, 1900. It contained, among other allegations, those we have already mentioned as in the declaration filed April 22, 1898, in the Superior Court, and also, in some of the counts, allegations that under the law of Ohio actions such as this under the "Campbell Act" of that State shall be commenced within two years after the death of the person whose death is the cause of the action, provided that:

"If in an action commenced or attempted to be commenced in due time a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has at the date of such reversal or failure expired, the plaintiff, or, if he die and the cause of action survive, his representatives, may commence a new action within one year after such date, and this provision shall apply to any claim asserted in any pleading by a defendant;" and averments concerning the proceedings in the former suit and their final result.

To this declaration the defendant demurred generally January 9, 1900. This demurrer was sustained by the Circuit Court January 12, 1900. The plaintiff elected to stand by her declaration and appealed to this court, which affirmed the judgment on April 4, 1902. The plaintiff sued out a writ of error from the

Supreme Court, which December 16, 1902, reversed the judgments of both the Appellate and Circuit Courts and remanded the cause to the latter court.

The questions raised and decided in this appeal and the writ of error, as reference to the opinions in the Appellate and Supreme Courts will show, was whether the declaration did not show on its face that the suit was brought after the time when the statute of Ohio (or of Illinois) allowed it, and was not therefore obnoxious to demurrer. *Wall v. Chesapeake & O. Ry. Co.*, 101 Ill. App. 431; *Wall v. Chesapeake & O. Ry. Co.*, 200 Ill. 66.

The Supreme Court in its opinion said:

"From the face of the declaration it appears that more than two years elapsed from the time of the injury to the bringing of the suit, and it is insisted by defendant in error that therefore the action could not be sustained, and hence the defense of the Statute of Limitations could be made by demurrer. * * *

"Counsel concede that under our practice the bar of the Statute of Limitations cannot be availed of by demurrer, but, on the contrary, admit that the statute must be pleaded, for the reason that when pleaded the plaintiff is thereby afforded an opportunity of replying that the case is within some exception to the statute; but it is insisted that the bringing of the action within two years after the date of the injury is a condition precedent, and not a limitation. This contention is not well taken. The bringing of the action within two years may or may not be a condition precedent upon which the plaintiff can recover. Each case must depend upon its peculiar facts, and the plaintiff, as before said, should be given an opportunity to set up those facts if they form an exception to the statute. * * *

"We think the trial court, for the reasons stated, erred in sustaining the general demurrer to the plaintiff's declaration."

The Supreme Court in its opinion, however, stated that the counts of the declaration which alleged matter in avoidance of the limitation statute were not in ac-

cordance with the proper rules of pleading and would have been obnoxious to special demurrer. January 29, 1903, the cause was redocketed in the Circuit Court, and February 7, 1903, the defendant filed to the amended declaration of the plaintiff filed January 5, 1900, a plea of the general issue—not guilty—and certain other pleas, asserting that the action could not be sustained because Wall's death occurred more than two years prior to the commencement of the suit.

The plaintiff filed a *similiter* to the plea of the general issue, but, upon the pleas setting up the limitation to the action, further pleading ensued which did not end until June 16, 1906, when it came to a conclusion by defendant's electing to stand by a rejoinder, to which a special demurrer had been filed and sustained.

The question mooted in these pleadings was, when analyzed, whether the provision of the Ohio statute (the Campbell Act), limiting to two years from the death the time within which the action can be brought, is "a condition precedent" to the right to recover for such a death or a statute of limitation. If it be "a condition precedent" it is urged that the provision of the General Limitation Law of Ohio that:

"If in an action commenced or attempted to be commenced in due time a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has at the date of such reversal or failure expired, the plaintiff, or, if he die and the cause of action survive, his representatives may commence a new action within one year after such date," does not apply to and indeed has nothing to do with the "Campbell Act" of Ohio, under which this suit is brought. As the defendant has preserved this point for decision in this court by standing by its demurrer to the plaintiff's replication to the defendant's second plea, and by standing by its rejoinder to the plaintiff's replication to the defendant's amended third plea, and the question has been argued at length by both parties

in this court, we think it proper here to declare our opinion on it for the guidance of the court in another trial if it should take place. In our opinion the rulings of the court below on the pleadings involved were correct. If there were no other reason for so holding we should feel compelled to follow the opinion of the Supreme Court in this very case, *Wall v. Chesapeake & O. R. Co.*, 200 Ill. 66, where, as we read the opinion, the court, by deciding that "the bringing of the action may or may not be a condition precedent upon which the plaintiff can recover," it negatived the contention in this regard on which the defendant relies. This decision must outweigh with us the opinions of the Appellate Court in *Lake Shore & M. S. Ry. Co. v. Dylinski*, 67 Ill. App. 114, and *Peacock v. Churchill*, 38 Ill. App. 634, if they are to be considered as holding to the contrary. They are in no event authoritative. But we think there are other reasons for our holding. The case of *Meisse v. McCoy's Adm'r*, 17 Ohio St. 225, if there is to be considered a contrariety in the decisions in Ohio upon the question, is on analysis more directly in point than the other Ohio cases cited by the defendant, and we do not consider it overruled by them. To the same effect are some of the conflicting decisions in other States.

Nor do we assent to the defendant's position that the laws of Ohio and Illinois allowing an action in which the plaintiff is involuntarily nonsuited or fails without an adjudication upon the merits, to be recommenced within a year from such failure without reference to the statutes of limitation, are without applicability in this case because of the consent of the plaintiff to a dismissal of the cause in the U. S. Circuit Court.

If the plaintiff had voluntarily withdrawn her case when it reached the United States Circuit Court by removal, the point would have been well taken. *Koch v. Sheppard*, 223 Ill. 172. She did not. The service of the writ was quashed and the court declared itself without jurisdiction of the cause. That decision was

energetically contested by the plaintiff so long as there was hope of reversing it. We think the essential purport of her announcement was recited in the order of the United States Circuit Court. It appears in the record to be only that she did not purpose to pursue her litigation in *that* court (which was not of her choosing) in case she was obliged to bring the defendant again into court by the quashing against her protest and contention of a service which she believed to be good. The waiver of errors subsequent to the quashing of the service and the consent to an immediate dismissal for want of prosecution were evidently only to make possible at once a final adverse judgment, not acquiesced in, in order to expedite a review thereof. We do not think it was an involuntary nonsuit nor an equivalent thereof, nor that it justifies the assertion of defendant's reply briefs that: "The plaintiff relied on the service obtained in the first suit and plainly intended that if that service was not good that she consented to and did abandon the cause of action."

We think that *Boyce v. Snow*, 187 Ill. 181, sustains the plaintiff's position in this matter.

The defendant also, by asking a peremptory instruction for the defendant, has saved the point and has argued in this court that the Act of the General Assembly of Illinois approved May 13, 1903, amending the "Campbell Act" of Illinois, rendered unsustainable after July 1, 1903, the further prosecution of this action brought for a death occurring outside of this State. On this point it is only necessary to say that until advised to the contrary by the Supreme Court of Illinois, we shall adhere to the view of the law set forth in *Brennan v. Electrical Installation Co.*, 120 Ill. App. 461 (criticised by defendant's counsel), and hold that the amending statute in question was not retrospective in its operation. The Circuit Court committed no error in ruling adversely to the contention of the defendant in this regard. But for refusing

to allow the filing of the additional plea denying the ownership and control of the tracks and train on which the death of Wall occurred, we feel compelled, as we have said, to reverse the judgment and remand the cause.

If the allegations of the plea are true they are a defense to the suit which the defendant ought, prima facie, certainly, to be allowed to make. For reasons of public policy and in furtherance of justice, as it is said, the logical rule of common-law pleading, by which the general issue denies every material allegation of the declaration in a case like this, has in this State been departed from to a considerable extent, and reasonable notice by pleading must be given a plaintiff if denial is to be made of ownership and control of "the property or instrumentalities which have caused the injury." The *Chicago Union Traction Co. v. Jerka,* 227 Ill. 95, and similar cases.

The plaintiff's contention in the present case would seem to be that this rule requires notification by any defendant to the plaintiff of his denial of ownership and control of the instrumentalities involved at such an early period in the progress of the cause as not only to give the plaintiff time to investigate the question before the trial against such defendant, but at such time that he can find the actual owner before the time of limitation has expired.

We doubt very much if there has been any doctrine of this sort authoritatively announced. It would seem to place upon any defendant selected by the plaintiff in the first instance the duty of aiding the plaintiff in his cause somewhat beyond what mere good faith requires, and at least the obligation to such action on the part of the defendant would depend on circumstances.

But in this case this rule, if it existed, could not apply. It is true that a declaration was filed in a cause prior to this one, founded on the same cause of action, before the two years allowed by the statute

had expired. But it was only a month before that time; and certainly the defendant was not obliged to plead at all until it had exercised its right of removal and had tested, as it did, successfully the validity of the purported service upon it.

When the present suit was commenced more than two years had passed since the death, and, as against a new and different defendant, a suit for the damages resulting from it could not be sustained.

It seems to us that this is a stronger case for the defendant's contention than was that of *Clark v. Wisconsin Cent. Ry. Co., supra,* and we think we may say, as the Supreme Court said in that case: "To have granted the leave" (to file the additional plea) "would not have involved any question of the Statute of Limitations, and so far as we can see would not have prejudiced plaintiff;" and: "If it" (the defendant) "in good faith sought to make such defenses, the ends of justice required that it be permitted to file the plea to enable it to do so. Assuming, as the court held, that the proof offered was inadmissible under the plea of not guilty, we think the error in denying application for leave to file the special plea requires a reversal of the judgment." Accordingly the judgment is reversed and the cause remanded to the Circuit Court.

*Reversed and remanded.*