(No. 12199.—Judgment reversed.)

SARAH MARY WALL, Admx. Defendant in Error, *vs.* THE CHESAPEAKE AND OHIO RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed October 27, 1919—Rehearing denied Dec. 5, 1919.*

1. CONFLICT OF LAWS—*when an action accruing under the laws of another State will be enforced in Illinois.* A right of action which has accrued under the statute of another State will be enforced in Illinois unless prohibited by the Illinois statutes or unless it is against morals or natural justice or against the public interest, and the law of the place where the right was acquired or the liability was incurred will govern as to the right of action, while all that pertains to the remedy will be controlled by the laws of Illinois.

2. SAME—*each State determines the limits of jurisdiction of its courts.* Each State, subject to the constitutional restriction that its policy must operate the same way on its own citizens and those of other States, determines the limits of jurisdiction of its courts, the character of the controversies which shall be heard in them, and how far its courts having jurisdiction of the parties shall hear and decide transitory actions where the cause of action has arisen outside of the State.

3. INJURIES—*when a suit for wrongful death occurring in another State cannot be prosecuted in Illinois.* Under the amendment of 1903 to the Injuries act, providing that "no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State," a suit begun in Illinois before such amendment took effect, for damages for a death occurring in another State whose laws give a right of action in such case, cannot be prosecuted to judgment.

4. SAME—*there is no vested right in a tort until judgment for damages is rendered.* There can be no vested right in a claim for damages in a tort not connected with or growing out of a contractual relation until judgment for damages is rendered.

5. STATUTES—*there is no vested right in a statute which is not a private grant.* There is no vested right in a public law which is not in the nature of a private grant, and however beneficial a statute may be to a particular person or however injuriously its repeal may affect him, the legislature has the right to abrogate it.

6. SAME—*effect of repeal of statute giving a special remedy.* The effect of the repeal of a statute is to obliterate the act as com-

pletely as if it had never been passed, and where a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them.

7. SAME—*meaning of provision that no suit shall be "brought" or "prosecuted."* The bringing of an action is the beginning of a suit while the prosecution of the action is the further conduct of the suit, and whenever the legislature declares that no action shall be "brought" or "prosecuted," it is presumed that each phrase is intended to have its distinct meaning.

DUNN, C. J., and CARTER and STONE, JJ., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

WORTH E. CAYLOR, for plaintiff in error.

BULKLEY, MORE & TALLMADGE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause comes to this court by writ of *certiorari* to the Appellate Court for the First District to review a judgment of that court affirming a judgment of the circuit court of Cook county for $10,000, in an action on the case instituted by Sarah Mary Wall, administratrix of the estate of Edward Wall, deceased, against the Chesapeake and Ohio Railway Company, to recover damages for the death of said Edward Wall.

This case has been in the courts for over twenty years. The first suit was filed on March 29, 1898, in the superior court of Cook county to recover damages for the death of Edward Wall, who was killed in Cincinnati, Ohio, on May 24, 1896. The cause was removed to the Federal courts, where the service of summons was quashed. It is reported in 95 Fed. Rep. 398. The second suit was started in the

circuit court of Cook county on the 8th day of June, 1899. The declaration consisted of twelve counts, and charged in general that Wall was in the employment of Nelson Morris & Co., and while in such employment was in charge of certain cars of live stock which were being shipped from Chicago to Newport News over the lines of the Big Four and the Chesapeake and Ohio Railway Companies; that it was his duty to accompany said live stock and it was the duty of the railroad companies to furnish him a safe place to ride; that at Cincinnati the engine and caboose of the train on which he was riding were detached; that an engine of the Chesapeake and Ohio Railway Company was attached to the cars by its servants and they started to move the cars; that the Chesapeake and Ohio Railway Company failing to provide a caboose or other safe place in which Wall could ride, he rode on top of the stock cars; that the train on which Wall was riding passed under certain viaducts in the city of Cincinnati which were so constructed that there was not sufficient space between the top of the cars and the viaducts so that persons riding on top of the cars could safely pass thereunder; that Wall was riding with all due care and diligence on top of one of said cars, and not knowing of the danger from said viaducts was struck by one of the viaducts and received injuries from which he died. The statute of the State of Ohio creating the right to recover damages for death from wrongful act was also set forth. The case was carried through the Appellate Court and this court on a question of pleading, and is reported in 101 Ill. App. 431, and 200 Ill. 66. The judgments of the circuit court and the Appellate Court were reversed in this court for the reason that the defense of the Statute of Limitations cannot be raised by demurrer even though the declaration upon its face shows that the time for bringing the suit has elapsed, holding that such defense must be set up by plea. The case was remanded and redocketed in the circuit court, and after great delay in set-

tling the issues the cause was in 1913 again taken to the
Appellate Court on a question of pleading and reversed.   It
is reported in 189 Ill. App. 234.   The cause was remanded
and re-docketed in the circuit court, and on the second trial
before a jury the defendant, plaintiff in error here, at the
close of all the evidence asked the court to instruct the jury
to find the defendant not guilty.   This motion was over-
ruled and judgment was entered on the verdict of the jury
for the sum of $10,000.   Motions for a new trial and in
arrest of judgment were made and overruled.   On appeal
to the Appellate Court this judgment was affirmed, and
the cause is brought here by *certiorari.*

Many errors are relied upon for a reversal, but the first
point we shall determine is whether or not the courts of
Illinois have jurisdiction of this cause of action.

It is a rule of law well settled in this State that a right
of action which has accrued under a statute of a sister State
of this Union will be enforced in the courts of this State
unless prohibited by law, or unless it is against morals or
natural justice, or unless it is against the general interests
of the citizens of this State.   (*Chicago and Eastern Illinois
Railroad Co.* v. *Rouse,* 178 Ill. 132; *Dougherty* v. *Ameri-
can McKenna Process Co.* 255 id. 369.)   The statutes of
Ohio set out in this declaration are not regarded in this
State as against morals or natural justice or hostile to the
general interests of our citizens.   Therefore they must be
enforced by our courts unless such enforcement is prohib-
ited by law.

Section 2 of the Injuries act (Hurd's Stat. 1917, p.
1662,) was amended in 1903, and by said amendment it
was declared that "no action shall be brought or prosecuted
in this State to recover damages for a death occurring out-
side of this State."   If these words be given their natural
or ordinary meaning they expressly prohibit the bringing
or the prosecution of the present action in the courts of
this State.   Our Injuries act has never given to any person

a right of action for a death by wrongful act occurring outside this State. Our statute has no extra-territorial force. The right of action in this case arose under the Ohio statute, and, as we have said, the rights acquired under that statute will, in comity, be enforced in our courts if not against our laws. The law of the place where the right was acquired or the liability was incurred will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the State where the action is brought,—*i. e.*, by the law of this State. (*Chicago and Eastern Illinois Railroad Co.* v. *Rouse, supra; Dougherty* v. *American McKenna Process Co. supra.*) Inasmuch, therefore, as our Injuries act never gave a right of action for death by wrongful act occurring in another State, the only interpretation we can put upon the words quoted from the act is, that it was intended by the legislature to forbid the bringing or the prosecution of any action in this State to recover damages for a death by wrongful act occurring outside this State. Each State, subject to restrictions of the Federal constitution, determines the limits of jurisdiction of its courts, the character of the controversies which shall be heard in them, and how far its courts having jurisdiction of the parties shall hear and decide transitory actions where the cause of action has arisen outside of the State. Different States may have different policies and the same State may have different policies at different times, provided that any policy the State may choose to adopt must operate the same way on its own citizens and those of other States. *Dougherty* v. *American McKenna Process Co. supra; Walton* v. *Pryor,* 276 Ill. 563; *Kenney* v. *Loyal Order of Moose,* 285 id. 188.

Our Injuries act confers jurisdiction upon our courts in cases resulting in death by wrongful act, which they did not have before it was given them by the legislature. By the amendment of 1903 the legislature took this jurisdiction from our courts in so far as the authority conferred

by the act of 1853 had enabled them, by comity, to entertain suits for the recovery of damages for a death by wrongful act occurring outside of this State. The Injuries act of 1853 gave no vested right to anyone interested in recovering damages for a death by wrongful act occurring outside of the State. The plaintiff had no vested right in the statute of 1853, and the legislature could have, had it seen fit, entirely repealed this statute and thereby swept away the entire remedy provided by it. There is no vested right in a public law which is not in the nature of a private grant. However beneficial an act of the legislature may be to a particular person or however injuriously its repeal may affect him, the legislature would clearly have the right to abrogate it. *Sharp* v. *Sharp*, 213 Ill. 332.

It is well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them. If final relief has not been granted before the repeal went into effect it cannot be after. If a case is appealed and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when its decision is rendered. The effect of the repeal of a statute is to obliterate the statute repealed as completely as if it had never been passed, and it must be considered as a law that never existed, except for the purposes of those actions or suits which were commenced, prosecuted and concluded while it was an existing law. Pending judicial proceedings based upon a statute cannot proceed after its repeal. This rule holds true until the proceedings have reached a final judgment in the court of last resort, for that court, when it comes to pronounce its decision, conforms it to the law then existing, and may therefore reverse a judgment which was correct when pronounced in the subordinate tribunal from whence the appeal was taken, if it appears that pending the appeal a statute which was necessary to support the judgment of the lower court has been withdrawn by an

absolute repeal. *Vance* v. *Rankin,* 194 Ill. 625, and cases there cited.

The proviso of 1903 added to our Injuries act had the same effect as the repeal of a statute. In other words, the Injuries act before this proviso was broad enough to confer jurisdiction on our courts in any action for the recovery of damages for death by wrongful act, and by comity this jurisdiction was extended to those cases where death by wrongful act occurred outside of our State and a right of action existed under the laws of the State where the death occurred. Our courts then provided the remedy. This proviso took away that remedy in 1903 and it no longer exists in this State. (*Crane* v. *Chicago and Western Indiana Railroad Co.* 233 Ill. 259.) The effect is the same as if the remedy never existed in this State except for the purpose of those suits which have reached a final judgment. The result is all the more clear when we consider that the act specifically prohibits the prosecution of the suit as well as the bringing of the suit. To prosecute a suit is to proceed against a party judicially. It is the act of conducting or waging a proceeding in court. (*State* v. *District Court,* 19 N. D. 819.) To prosecute an action includes not only the bringing but the carrying on of the action. (*Inhabitants of Great Barrington* v. *Gibbons,* 199 Mass. 527; *Cheshire* v. *Des Moines City Railway Co.* 153 Iowa, 88.) The term "prosecute" means to bring a suit in a court for the redress of a wrong; to carry on a judicial proceeding against another or to seek to enforce a claim or right by legal process. (*Western Electric Co.* v. *Pickett,* 51 Colo. 415.) The bringing of an action is the beginning of a suit; the prosecution of the action is the further conduct of the suit. Whenever the legislature declares that no action shall be "brought" or "prosecuted," it is presumed that it intended each phrase to have its distinct meaning, else there was no occasion to use both. *Buecker* v. *Carr,* 60 N. J. Eq. 300.

Plaintiff had no vested right in this proceeding when it was instituted in the lower court with the full knowledge that it was within the power of the legislature to declare that no such actions could be maintained in this State. There can be no vested right in the claim for damages in a tort not connected with or growing out of a contractual relation until judgment is rendered. (12 Corpus Juris, 972.) Inasmuch as the plaintiff had no vested right in the broad jurisdiction conferred upon our courts by the act of 1853, and inasmuch as our legislature has declared that our courts cannot longer entertain a cause of action for the recovery of damages for a death by wrongful act occurring outside of this State, the peremptory instruction requested by the defendant should have been given.

For the reason that the further prosecution of this cause of action is prohibited by the law of this State, the judgments of the circuit court and the Appellate Court are reversed.

*Judgment reversed.*

DUNN, C. J., and CARTER and STONE, JJ., dissenting.