## CLEVENGER *v.* MATTHEWS ET AL.

[No. 20,761.   Filed January 10, 1906.]

1. DECEDENTS' ESTATES.—*Heirs and Distributees.*—*Common-Law Liability.*—The heirs and distributees were not liable at the common law for the simple-contract debts of their decedent, even though they inherited lands and personal estate from such decedent. p. 692.

2.  STATUTES.—*Decedents' Estates.—Liabilities of Heirs and Distributees.*—The statute (§2597 Burns 1901, §2442 R. S. 1881) creating certain liabilities against heirs and distributees receiving property from a decedent's estate, being in derogation of the common law, will be strictly construed, and no exceptions will be made which are not contained therein.   p. 692.

3.  DECEDENTS' ESTATES.—*Heirs and Distributees.—Liability.—Statutes.*—Where the decedent and plaintiff became accommodation indorsers on a note in 1892, plaintiff being at all times a nonresident, and decedent died in 1898 and his estate was settled and the assets distributed to defendants, who were his heirs and distributees, in 1899, and the plaintiff was ignorant until 1902 of the nonpayment of such note, at which time he was compelled to pay it, the defendants are not liable in his suit for contribution under §2597 Burns 1901, §2442 R. S. 1881, prescribing certain liabilities of heirs and distributees. *Voris* v. *State, ex rel.,* 47 Ind. 345; *Stevens* v. *Tucker,* 87 Ind. 109, modified; *Blair* v. *Allen,* 55 Ind. 409; *Harmon* v. *Dorman,* 8 Ind. App. 461; *Whittern* v. *Kirk,* 31 Ind. App. 577, distinguished. p. 693.

From Superior Court of Marion County (65,107) ; *Vinson Carter,* Judge.

Suit by Peter C. Clevenger against Martha A. R. Matthews and others.   From a decree for defendants, plaintiff appeals.   Transferred from Appellate Court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10. *Affirmed.*

*John W. Kern* and *A. E. Clevenger,* for appellant.

*Joshua Jump, Paul N. Bogard* and *James M. Winters,* for appellees.

HADLEY, J.—Appellant sued the appellees, as heirs and distributees of Claude Matthews, deceased, to enforce contribution from them on account of being compelled to pay a note upon which he (appellant) and said Matthews were accommodation indorsers.

The substance of the complaint is that on August 8, 1892, the Pendleton Glass Tube & Pipe Works of Indiana executed its promissory note to J. O. Henderson, by which it promised to pay, on or before three months from date,

$2,400, with interest at six per cent per annum until paid; that Claude Matthews and appellant joined in the execution of said note as accommodation indorsers by writing their names across the back thereof; that appellant was and has since remained a resident of Ohio, but that the note was executed in the city of Indianapolis, where the principal office of said corporation was at all times, and is now, maintained; that said corporation became insolvent during the year 1893, and has so remained, so that no part of the debt evidenced by said note could have been at any time since the last-named date collected; that appellant had no knowledge of such insolvency, and no notice of the nonpayment of said note, and supposed said note had been paid, until May or June, 1902, when the payee thereof notified him that it was unpaid, and that he would be required to pay it; that said Claude Matthews died intestate in the year 1898, in Vermillion county, Indiana; that an administrator was appointed, and the estate fully settled, the administrator making his final report, which was approved by the circuit court of said county on October 5, 1899, and the administrator discharged; that in final settlement the surplus of said estate for distribution after the payment of debts and expenses of administration was $8,393.88, which sum was equally distributed among appellees; that said Claude Matthews at his death was the owner in fee simple of 1,700 acres of land in said county of the value of $65,000, the title to which land, upon his death, vested in appellees, who then and there became the owners thereof by inheritance, each taking title to one-third thereof; that appellant, after said demand was made upon him for the payment of said note on the 2d day of August, 1902, to prevent suit being brought thereon, and to save the costs thereof, was compelled to and did pay to said Henderson $3,500 in payment of principal and accrued interest thereon; that said Henderson surrendered and delivered up the same to appellant; that no part of said amount has been paid to him by any

person, but that there is due from the defendants, as widow and heirs of said Claude Matthews, the sum of $1,750, with interest from the date of payment, and that this action is brought against them for contribution to him of the amount of said note and interest for which said Claude Matthews and his estate were legally liable. Wherefore he prays judgment for $2,000, and that the same be declared a lien upon all property inherited by the defendants as aforesaid. Demurrers were sustained to the complaint, and, the plaintiff declining to amend, judgment was rendered against him for costs.

The only question to be decided is this: Under the law of this State, can a nonresident paying surety enforce contribution against the heirs and distributees of a deceased cosurety after the lapse of two years from the final settlement of the latter's estate?

1. A simple-contract creditor, whose debt remains unpaid after the final settlement of his deceased debtor's estate, has no right at common law to proceed against the heirs and distributees of his debtor, even though they have received real estate and assets from the hands of the administrator as inheritances. *Fisher* v. *Tuller* (1890), 122 Ind. 31, 35; 14 Cyc. Law and Proc., 184; 8 Am. and Eng. Ency. Law (2d ed.), 1098.

2. All the right, then, that an unpaid creditor of the ancestor has to pursue property in the hands of heirs is conferred by the following statute: "The heirs, devisees, and distributees of a decedent shall be liable, to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed: Provided, that suit upon the claim of any creditor out of the State must be brought within two years after such final settlement." §2597 Burns 1901, §2442 R. S. 1881. The

right here bestowed by the legislature, being in derogation of the common law, to be enjoyed, the plaintiff must bring himself, without excuse, fully within the conditions upon which the right rests. As said by the court in *Fisher* v. *Tuller, supra,* on page 36: "The statute which gives the right contains its own limitations, and we can engraft no exceptions upon it. The language is clear and sweeping, and no exceptions are created; nothing remains for the courts but to apply the law as it is written."

Here it is averred that the original debt became due November 8, 1892; that the corporation principal became insolvent in 1893, and paid no part of the note; that 3. five years after the insolvency of the corporation— 1898—Matthews died, and in 1899 his estate was finally settled and distributed to the heirs. This suit was begun in March, 1903, more than two years after the final settlement of the cosurety's estate. The averments of appellant that he was a nonresident; that he had no knowledge of the insolvency of the corporation, and no notice of the nonpayment of the note, and supposed until June, 1902, when the payee demanded payment, that the note had been paid, have no effect to regain the right which had been lost because not exercised within the limitations of the statute. The facts are ruled by the law as declared in *Fisher* v. *Tuller, supra.* See, also, *Cincinnati, etc., R. Co.* v. *Heaston* (1873), 43 Ind. 172; *King* v. *Snedeker* (1894), 137 Ind. 503; *Ratcliff* v. *Leunig* (1868), 30 Ind. 289; *Freeman* v. *State* (1862), 18 Ind. 484.

It is contended that in some of our earlier cases, notably *Voris* v. *State, ex rel.* (1874), 47 Ind. 345 (against heirs of deceased surety on guardian's bond), *Blair* v. *Allen* (1877), 55 Ind. 409 (against heirs for breach of ancestor's warranty), *Stevens* v. *Tucker* (1882), 87 Ind. 109 (against heirs of surety on guardian's bond), and also, as following these cases, in *Harmon* v. *Dorman* (1893), 8 Ind. App. 461 (against devisees for breach of testator's warranty), *Whit-*

*tern* v. *Kirk* (1903), 31 Ind. App. 577 (against heirs for breach of ancestor's warranty), a different view of the law has been expressed. Since certain covenants run with the land, we think at least three of the cases mentioned are distinguishable, but, so far as any of them may be said to conflict with the law as declared in *Fisher* v. *Tuller, supra,* and in this case, said cases from this court are modified, and those of the appellate court disapproved, to the extent of said conflict.

Judgment of the Superior Court of Marion County is affirmed.