**Mattie G. Fitzgerald, Administratrix, Appellant, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellee.**

NEGLIGENCE—*when action for death caused by wrongful act may be maintained in this State.* If the plaintiff's intestate suffered the injury which caused his death in a sister state, was thereafter removed and died within this State, his personal representatives may maintain in this State an action upon a statute existing in such sister state which conferred a cause of action because of the negligence which resulted in such death.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed October 25, 1909.

LINDLEY, PENWELL & LINDLEY, for appellant.

GEORGE B. GILLESPIE, for appellee; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and REARICK & MEEKS, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted in the Circuit Court of Vermilion county by Mattie G. Fitzgerald, as administratrix of the estate of her deceased husband, Bruce G. Fitzgerald, against the Cleveland, Cincinnati, Chicago & St. Louis Ry. Co., to recover damages for wrongfully causing the death of her intestate. The declaration alleges that on October 31, 1905, the deceased was employed by the defendant as a brakeman on a local freight train running between Indianapolis and Peoria; that a statute of the State of Indiana then in force gave a right of action to the legal representatives of any employe of any railroad corporation for any injury resulting in the death of such employe by reason of any defect in the condition of ways, works, tools and machinery caused by the negligence of the corporation or by some person entrusted by it with the duty of keeping the same in proper condition, and the several provisions of such statute are set out in full in the declaration. The declaration further alleges that it became necessary in the performance of his duties for the deceased to use the hand-rail or grab-iron attached to the rear of the tender of the locomotive which was then hauling one of the defendant's trains; that said grab-iron was so misplaced and bent down toward the tender that not sufficient space was left between it and the tender to enable the deceased to use the same, and that such defective condition of the grabiron was the result of the negligence of the servants of the defendant entrusted by the defendant with the duty of keeping the same in proper condition; that while the deceased was in the performance of his necessary duties and was in the exercise of due care for

his own safety he attempted to catch hold of said grab-iron and by reason of its said defective condition he was unable to do so and was thereby caused to fall under the locomotive and was so injured thereby that he died.

The evidence introduced on behalf of the plaintiff discloses that the deceased was a citizen of the State of Indiana; that the wrongful act, neglect or default which caused his death occurred in the State of Indiana and that immediately after his injury he was removed by the defendant to a hospital in the city of Danville in the State of Illinois, where he died. Such evidence further tends to prove all the material allegations of plaintiff's declaration. At the close of the plaintiff's evidence the trial court at the instance of the defendant gave to the jury a peremptory instruction to find the defendant not guilty upon the ground that the statute of this State prohibited the bringing of this suit. From the judgment entered upon such verdict the plaintiff prosecutes this appeal.

The propriety of the action of the trial court is justified by the defendant upon the authority of Crane v. C. & W. I. R. R. Co., 233 Ill. 259, where it was held that the proviso to section 2 of the statute of this State entitled "An Act requiring compensation for causing death by wrongful act, neglect or default," was intended to be considered in connection with section 1 of the act of which it forms a part, and when so considered it must be construed to mean that no action shall be brought in this State to recover damages for a death where the wrongful act, neglect or default causing the death occurred outside of this State. The proviso there referred to and construed by the court reads as follows: "*Provided further,* that no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State."

At common law no right of action existed for the recovery of damages for wrongful death and such right of action is therefore purely a creature of stat-

ute law. If the cause of action in the case at bar was predicated upon the statute of the State of Illinois authorizing a recovery of damages for wrongful death the decision in Crane v. C. & W. I. R. R. Co., *supra,* would be conclusive against the plaintiff's right of recovery, because the wrongful act, neglect or default which occasioned the death of plaintiff's intestate occurred without this State, but the decision in that case has no reference to a cause of action for wrongful death predicated upon the statute of a sister state, and if the courts of this State may entertain jurisdiction of a cause of action based upon the statute of a sister state authorizing a recovery of damages for wrongful death there is nothing in the Crane case which prohibits such recovery. The language employed in the decision of the Crane case must be limited in its application to the precise question which was then before the court, *viz*: the proper construction to be given to the statute of the State of Illinois authorizing a recovery of damages for wrongful death.

The statute of the State of Indiana on which the right of recovery is here sought is the same statute in substance under which a recovery was had in C. & E. I. R. R. Co. v. Rouse, 178 Ill. 132, where it was held that the provisions of such statute were not repugnant to good morals or natural justice or prejudicial to the best interests of the people of this State, and that a suitor might enforce in the courts of this State a right of action arising under such statute. The decision in the Crane case properly limited and applied, in no wise conflicts with the decision in the Rouse case, and the judgment of the court in the latter case is conclusive of the right of plaintiff to maintain this action in the courts of this State.

For the error in giving the peremptory instruction the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*