THOMAS DOUGHERTY, Admr., Appellant, *vs.* THE AMERI-
CAN McKENNA PROCESS COMPANY, Appellee.

*Opinion filed October 26, 1912.*

1. NEGLIGENCE—*right of action for damages for wrongful kill-
ing of another is statutory.* At common law no right of action ex-
isted for the recovery of damages for negligent injury resulting in
death of the person injured, but such right of action is statutory.

2. SAME—*when an action for damages for wrongful death can
not be brought in Illinois.* Under section 2 of the Injuries act no
action can be brought in Illinois to recover damages for the neg-
ligent killing of a person where both the injury and the death oc-
curred in another State, even though the action is based upon a
statute of the State where the injury and death occurred.

3. CONSTITUTIONAL LAW—*section 2 of the Injuries act is not
unconstitutional.* Section 2 of the Injuries act, although so con-
strued as to prohibit a suit for damages in Illinois where both the
injury and death occurred in another State even though the action
is based on the statute of the latter State, does not violate the
provisions of section 1 and paragraph 1 of section 2 of article 4
of the Federal constitution; nor is it in violation of section 19 of
the bill of rights of the constitution of Illinois.

4. CONFLICT OF LAWS—*the statutes of a State have no extra-
territorial force.* Statutes are without force beyond the jurisdiction
of the State which enacts them, and can have no extra-territorial
effect except under the principles of comity.

5. SAME—*laws of other States will not be enforced if contrary
to the policy of the forum.* A statute giving a right of action will
not be enforced by the courts of another State if it is contrary to
the policy of the latter State, and where the policy of the State
has been expressed in a statute such policy must prevail.

6. SAME—*each State determines the jurisdiction of its courts.*
Each State, subject to the restrictions of the Federal constitution,
determines for itself the limits of the jurisdiction of its courts, the
character of the controversies that shall be heard in them, and
to what extent its courts shall hear and decide transitory actions
where the cause of action has arisen in another State.

APPEAL from the Circuit Court of Will county; the
Hon. DORRANCE DIBELL, Judge, presiding.

GARNSEY, WOOD & LENNON, for appellant.

255 — 24

J. L. O'DONNELL, T. F. DONOVAN, and J. A. BRAY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a suit brought in the circuit court of Will county by the administrator of the estate of John Dougherty, deceased, to recover damages for the death of plaintiff's intestate. The declaration avers that the deceased, while a citizen and resident of Illinois, was injured while in the employ of the American McKenna Process Company at Elizabeth, New Jersey, and died in the latter State from the effect of his injury. Letters of administration on his estate were granted by the probate court of Will county. This suit is based upon the Injuries act of New Jersey, which is set out in the declaration. A general demurrer thereto was sustained by the trial court on the ground that section 2 of the Injuries act of Illinois, which provides that "no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State," (Hurd's Stat. 1911, p. 1290,) prohibited the bringing of this action in Illinois.

Counsel for the appellant insist that the above provision of the statute, properly construed, does not prevent the bringing of an action in this State for death caused by wrongful act in another State, provided it is brought on the statute of such other State and not on the statute of Illinois; that if this is not the proper construction of the statute above quoted, then such statute is unconstitutional. We cannot yield assent to either contention. At common law no right of action existed for the recovery of damages for injury resulting in the death of a person caused by another's wrongful act. Such a right of action is statutory. Before this provision was added to the Injuries act, in 1903, it was never contended that a right of action was given thereunder for death occurring outside of this State. The acts of the legislature of a State can have, in them-

selves, no extra-territorial effect.   To put the interpretation upon this section now contended for by counsel would practically render it meaningless, and, in effect, would overrule the holding of this court in *Crane* v. *Chicago and Western Indiana Railroad Co.* 233 Ill. 259.

A further contention of counsel is, that if this statute applies to actions brought here, based upon the statute of another State, then it is in contravention of section 1 of article 4 of the United States constitution, which provides that "full faith and credit shall be given, in each State, to the public acts, records and judicial proceedings of every other State," and also of paragraph 1 of section 2 of said article, which provides that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."   Whatever force and obligation the laws of one country have in another depend solely on the laws and municipal regulations of the latter.   (Story on Conflict of Laws,—8th ed.—sec. 23.)   The several States of the Union are not in every respect independent, many of the rights and powers which originally belonged to them being now vested in the government created by the Federal constitution.   Except, however, "as restrained and limited by that instrument they possess and exercise the authority of independent States."   (*Pennoyer* v. *Neff,* 95 U. S. 714.) It was not intended by the provisions of the Federal constitution relied on by counsel, to give to the laws of one State any operation in other States except by a permission, express or implied, by those States.   (*Paul* v. *Virginia,* 75 U. S. 168.)   Laws are without force beyond the jurisdiction of the State which enacts them and can have no extra-territorial effect except by a comity of other States.   (*Huntington* v. *Attrill,* 146 U. S. 657.)   This rule applies with full force to statutes giving a right of action for death by the wrongful act of another.   If they are administered outside of the State where they are enacted it is only on the principles of comity.   In this country the courts will gen-

erally enforce the law of the place where the injury occurred, unless to do so is contrary to the law, morals or policy of the forum. (*Raisor* v. *Chicago and Alton Railway Co.* 2 Ann. Cas. 802, and note; *Boston and Maine Railroad Co.* v. *Hurd,* 56 L. R. A. 193, and note; 22 Am. & Eng. Ency. of Law,—2d ed.—1379; 38 Cyc. 547; *Chicago and Eastern Illinois Railroad Co.* v. *Rouse,* 178 Ill. 132.) If the policy of the forum has been expressed positively in a statute, that policy must prevail. When the legislature speaks upon a subject upon which it has constitutional power to legislate, public policy is what the statute indicates. (*Harding* v. *American Glucose Co.* 182 Ill. 551; *People* v. *Shedd,* 241 id. 155; *Zeigler* v. *Illinois Trust and Savings Bank,* 245 id. 180; Minor on Conflict of Laws, sec. 6, p. 10.) Each State, subject to restrictions of the Federal constitution, determines the limits of the jurisdiction of its courts, the character of the controversies which shall be heard in them, and how far its courts having jurisdiction of the parties shall hear and decide transitory actions where the cause of action has arisen outside of the State. (*St. Louis and Iron Mountain Railroad Co.* v. *Taylor,* 210 U. S. 281.) Different States may have different policies, and the same State may have different policies at different times, provided that any policy the State may choose to adopt must operate the same way on its own citizens and those of other States. (*Chambers* v. *Baltimore and Ohio Railroad Co.* 207 U. S. 142.) In this last case it was held that a statute of Ohio providing that no action could be maintained in that State for wrongful death occurring in another State, except where the deceased was a citizen of Ohio, did not violate the Federal constitution. A dissenting opinion, joined in by three members of the court, in effect conceded that had the Ohio court excluded from the courts of that State all actions for personal injuries arising in other States it would have been constitutional. The reasoning of that decision as to the right of

a State to exclude actions of the kind here in question fully sustains the validity, under the Federal constitution, of the provision of the Injuries act above referred to.

The contention of counsel that this provision of the Injuries act violates section 19 of the bill of rights of our State constitution,—that every person ought to find a remedy in the law for all injuries and wrongs which he may receive in his person, property or reputation,—is without force. That provision of the bill of rights applies only to injuries sustained in this State.

It necessarily follows that the trial court rightly held that the courts of this State were without jurisdiction to entertain this cause of action, and the judgment of that court will be affirmed.                    *Judgment affirmed.*