**ANDERSON v. MOSER et al.**

No. 8815.

Circuit Court of Appeals, Seventh Circuit.

June 24, 1946.

Rehearing Denied Aug. 20, 1946.

---

Charles P. Tighe, of New Albany, Ind. (William E. Coolman, of New Albany, Ind., of counsel), for appellants.

Robert S. Marx, Frank E. Wood, and Harry Kasfir, all of Cincinnati, Ohio (Nichols, Wood, Marx & Ginter, all of Cincinnati, Ohio, of counsel), for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

The question presented involves the right of a receiver of a national bank to sue distributees of a deceased stockholder of the bank without having his claim filed in the regular course of administration of the decedent's estate.

The case was tried by the court without a jury. The court made a number of separate findings of fact upon which he stated his conclusions of law. He held that the equities were with plaintiff and that plaintiff should recover from defendants the amounts named in the decree. It is from this decree that defendants appeal.

On February 13, 1937, plaintiff, as receiver of the National Bank of Kentucky, brought this suit to recover on an assessment levied February 20, 1931, against stockholders in the BancoKentucky Company. Shareholders of BancoKentucky Company have been held liable for the assessment. Anderson v. Abbott, 321 U.S. 349, 64 S.Ct. 531, 88 L.Ed. 793. At the time of the assessment, Charles Schwartzel owned 920 shares and Margaret Schwartzel owned 2080 shares of BancoKentucky Company. Charles Schwartzel died May 13, 1932. He devised and bequeathed his entire estate to Margaret, his wife. His estate was settled on October 5, 1933. Margaret Schwartzel died May 2, 1934. Her estate was probated and settled in the Floyd County Circuit Court of Indiana on May 22, 1935. Defendants were her children and received assets from her estate.

Under the national bank act, Federal Reserve Act, § 23, 12 U.S.C.A. § 64, a stockholder of a national bank is responsible for the debts of the bank to the amount of the stock owned by him at the par value thereof in addition to the amount invested

in such stock, and a contingent obligation to pay an assessment is rendered absolute from the date of the assessment by the Comptroller of the Currency, Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133, but there is no federal statute making distributees of a deceased stockholder of a national bank liable for the deceased stockholder's default. We have here, as will be presently shown, only a right derived solely from a State and plaintiff may enforce his claim only in conformity to the law of that State. Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280; McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437; Pufahl v. Estate of Parks, supra, 299 U.S. 225, 57 S.Ct. 151, 81 L.Ed. 133; and Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231.

That statute of Indiana, § 6-1001, Burns' Indiana Stat.Ann.1933, provides that unless a claim has been filed against an estate "at least thirty (30) days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of liabilities of heirs, devisees, and legatees." In our case, no claim was filed by plaintiff against the estates in question and therefore his claim was barred unless he brought himself within the requirements of § 6-1901. That section, § 6-1901, Burns' Indiana Stat. Ann.1933, provides that "The heirs, devisees and distributees of a decedent shall be liable, to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six (6) months prior to such final settlement, was insane, an infant or out of the state; but such suit must be brought within one (1) year after the disability is removed: Provided, That suit upon the claim of any creditor out of the state must be brought within two (2) years after such final settlement."

Plaintiff's original complaint alleged that the defendants were distributees of estates of holders of BancoKentucky stock and as such were indebted to plaintiff as receiver of the National Bank of Kentucky, but the complaint contained no averment that plaintiff was out of the State of Indiana six months prior to the final settlement of the two Schwartzel estates. October 18, 1938, plaintiff filed an amendment to his complaint alleging for the first time that he had never been a resident of Indiana and that he had been out of the State of Indiana "during all times since the closing of the National Bank of Kentucky, November 17, 1930." In their answer and as a defense, defendants relied on the Indiana statutes and put in issue the allegations of the complaint as amended.

A creditor whose debt remains unpaid after the final settlement of his deceased debtor's estate has no right at common law to proceed against the distributees of his debtor. Fisher v. Tuller, 122 Ind. 31, 23 N.E. 523. Indiana, however, provides for such a contingency, but before that right may be enjoyed the plaintiff must bring himself within the conditions upon which the right rests. Clevenger v. Matthews, 165 Ind. 689, 76 N.E. 542.

The vital question was whether plaintiff was out of the State of Indiana during the six-month period prior to October 5, 1933, the date of the final settlement of the estate of Charles Schwartzel, deceased, and during the six-month period prior to May 22, 1935, the date of the final settlement of the estate of Margaret Schwartzel, deceased.

As we have already observed, "the plaintiff must bring himself, without excuse, fully within the conditions upon which the right rests," Clevenger v. Matthews, supra, 165 Ind. 693, 76 N.E. 543; hence the burden of proving that plaintiff was out of the State of Indiana six months prior to the final settlement of the Schwartzel estates was not upon defendants, but rested upon plaintiff.

The record discloses that plaintiff was appointed receiver of the National Bank of Kentucky on December 16, 1932, and that on October 18, 1938, plaintiff, without fixing any date, testified that as receiver he made one journey to Washington County, Indiana, to attend the trial in a case which was postponed. On cross-examination he stated that he was not in Indiana during the crucial period, but immediately thereafter he testified that he could not recall whether he had been in Indiana during such time. He also admitted that he had traveled numerous times by train between

Louisville, Kentucky, and Chicago, Illinois; that he had been across the bridge (referring to the bridge over the Ohio River between Louisville, Kentucky, and New Albany, Indiana) while acting as receiver; that he did not know the dates of these various trips; and when asked, "You have been in and out of Indiana quite a good deal, haven't you, between the years 1932 and 1935?" he answered, "I have been at New Albany two or three times with reference to the affairs of a certain creditor, here in New Albany."

As we have noted, the court made findings of fact, but the findings of fact do not include a finding on the essential issue. Plaintiff, however, argues that such a finding is essentially contained in the decree rendered. Even so, our examination of the record has convinced us that the evidence has not met the test of strict proof required in order that plaintiff might have the benefit of the statutes relied upon. It furnishes no support for a finding that plaintiff was "out of the State" during the crucial period. If we assume that such a finding is implicit in the decree, we are of the opinion it is not supported by the evidence and is therefore clearly erroneous.

The decree of the District Court is reversed.

MAJOR, Circuit Judge (concurring).

I agree with both the result reached by the majority and the reasoning in support thereof. I would go further, however, and hold that plaintiff is not entitled to recover because his suit was not "brought within two (2) years after such final settlement."

As shown by the opinion, the final settlement of the estate of Margaret Schwartzel was made in the Floyd County Circuit Court of Indiana on May 22, 1935. Plaintiff admittedly was obliged to bring a suit within two years of that date. As shown by the opinion, the original suit was filed February 13, 1937, and an amended com- 'nt October 18, 1938. Obviously, the original complaint was filed within the two year period but the amended complaint was not. The question, therefore, is whether the filing of the original complaint tolled the limitation period or, to state the question in another way, whether the amended complaint related back to and became a part of the cause of action stated in the original complaint.

While the question may not be free from doubt, I am of the view that the filing of the original complaint did not toll the running of the limitation period, and that the cause of action stated in the amended complaint was barred. It must not be overlooked that the original complaint insofar as these defendants are concerned was not merely defective; it stated no cause of action whatever. It was nothing more than a scrap of paper and would not have supported a judgment in any event. A cause of action against these defendants was stated for the first time by the amended complaint.

While I find no case dealing precisely with the instant situation, the Illinois courts have construed a similar limitation period in the Injuries Act, Smith-Hurd Stats. c. 70, § 1 et seq., as I would construe the provision in the instant situation. Typical of such Illinois cases is that of Day v. Talcott, 361 Ill. 437, 439, 198 N.E. 339, 340, wherein the court stated: "It can not be said that the original declaration either stated a cause of action imperfectly or defectively, because it stated no cause of action at all. * * * The first time a cause of action was stated in this case was when the amended declaration was filed, and the date of its filing was subsequent to the time allowed by the Injuries Act."

It must be remembered that the provision of the Indiana statute relied upon is solely for the benefit of the creditor. As the opinion notes, without this statutory provision plaintiff would have nothing upon which to predicate a suit. The limitation period is a condition upon plaintiff's right to recover. Discussing a similar provision, this court in Jelke Co. v. Smietanka, 86 F.2d 470, 471, stated: "Where the limitation is in the nature of a condition to plaintiff's cause of action, he must allege facts showing that his action is within the statutory period, the limitation going to the right of action itself as well as to the remedy."

Further, we quoted with approval (86 F.2d at page 472) from American R. Co. v. Cor-

onas, 1 Cir., 230 F. 545, 546, L.R.A.1916E, 1095, as follows: " 'The bringing of the action, therefore, within the specified time, is a condition of the exercise of the right, and, if the condition is not complied with, the parties stand, with respect to the wrongful act, as though the statute had not been enacted. * * * And it was incumbent upon the plaintiff to allege and prove that his cause of action was brought within the time limited.' "

I find no Indiana case precisely in point, but I am of the view that the rule in that State supports my position. In Baltimore, etc., R. Co. v. Carroll, Adm'x, 200 Ind. 589, 163 N.E. 99, the court decided that an amended complaint filed subsequent to the expiration of a statutory limitation period did not introduce a new or different cause of action and that it related back to the time of the filing of the original complaint. The court on page 596 of 200 Ind., on page 101 of 163 N.E., cited numerous cases in support of the following rule: "Where additional or amended paragraphs of complaint are filed after the lapse of the statutory limitation which are founded upon the same transaction as that sued on in the original complaint, and which merely expand or amplify what has already been alleged, they relate back to the commencement of the action, at which time the statute of limitations was arrested, and they are not affected by the intervening lapse of time."

In the instant case, the amended complaint did not "merely expand or amplify what has already been alleged," but by such amendment a cause of action was for the first time stated. Nor did the cause of action refer to the "same transaction as that sued on in the original complaint." The cause of action sought to be stated in the original complaint was predicated solely upon bank stock liability. That stated in the amended complaint was not on account of bank stock but on the statutory premise that defendants were distributees of an estate against which plaintiff as a creditor had unpaid claims. It was entirely immaterial that plaintiff's claim had its inception in the ownership of bank stock by defendants' decedents. If his claim had been predicated upon a note or any other form of indebtedness owing him by the decedents, his cause of action stated in the amended complaint would have been no different.

I therefore would reverse the judgment for the additional reason that a cause of action was not stated against the defendants within the statutory limitation period.