Katherine Carroll and John Edward Carroll, Appellants, v. Glen L. Rogers, Appellee.

Gen. No. 10,082.

Opinion filed December 12, 1946. Released for publication December 30, 1946.

HORACE B. GARMAN, of Decatur, and CLARENCE W. HEYL, of Peoria, for appellants.

CASSIDY, SLOAN & CRUTCHER, of Peoria, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The essential allegations of fact in this case appearing in the briefs and abstract submitted herein, are that the deceased, John Edward Carroll, a minor, and resident of the State of Illinois, was injured in Missouri while riding in an automobile driven by the defendant, Glen L. Rogers, also a resident of the State of Illinois. The deceased died 13 months later in Illinois as a result of the severe injuries sustained in the Missouri accident, and his parents, the plaintiffs herein, are now bringing this suit in this State, under the Missouri wrongful death statute. One of the plaintiffs is a resident of Illinois and the other is a resident of Kansas.

Defendant filed a motion to dismiss the complaint on the ground that it was barred by Ill. Rev. Stat. 1945, ch. 70, § 2 [Jones Ill. Stats. Ann. 38.02]. The circuit court granted this motion and entered judgment thereon from which plaintiffs appeal.

The sole question before this court is whether the circuit court erred in granting the motion to dismiss the complaint.

The second proviso of sec. 2 of chapter 70 of Ill. Rev. Stats. is as follows:

"Provided that no action shall be brought or prosecuted in this state to recover damages for a death occurring outside of this state where a right of action for such death exists under the laws of the place where such death occurred and service of process in such suit may be had upon the defendant in such place."

Under a literal interpretation of this proviso it would constitute no bar to the proceedings in the instant case where the death occurred in Illinois, for the emphasis in the proviso is clearly and unequivocally on the place of death, and the bar is against actions for death occurring outside of the State. The statute refers to *"death occurring outside of this state,"* and the *"place where the death occurred."*

The defendant, however, contends that by judicial interpretation the proviso does not mean what it says, but means that no proceeding shall be brought where the *wrongful act which caused the death* occurred outside the State, irrespective of where the death itself occurred. Defendant contends further that inasmuch as the Missouri statutes provide that nonresident motorists make the Missouri Secretary of State their agent for purposes of serving process, the other requirement of the proviso is met, and this action is barred in Illinois.

In support of this theory defendant cites and relies mainly upon three cases: *Crane v. Chicago & W. I. R. Co.,* 233 Ill. 259; *Dougherty v. American McKenna Process Co.,* 255 Ill. 369; *Wall v. Chesapeake & O. R. Co.,* 290 Ill. 227.

In the *Crane* case, *supra, the accident occurred in Illinois* and the injured party was removed to the nearest hospital which was in Indiana and *death occurred in Indiana.* Plaintiffs sued under sec. 1 of the Illinois Wrongful Death Statute for there was apparently no remedy in Indiana. The proviso in sec. 2 of the statute was, at that time, different from the one before the court in the instant case. It merely stated: "Provided, further, that no action shall be brought or prosecuted in this state to recover damages for a death occurring outside of this state."

As is readily apparent, the proviso now contains the additional qualifications, to-wit, "where a right of action for such death occurred and service of a proc-

ess in such suit may be had upon the defendant in such place.'' If the court in the *Crane* case had before it the present proviso as amended, recovery could have been permitted without recourse to the strained construction adopted by the court to permit a remedy. However, confronted with the proviso as it read in 1903, the court held:

"We are of opinion the proviso to Sec. 2 from which we have quoted was intended to be considered in connection with Section 1 of the act of which it forms a part and when so considered it must be construed to mean that no action shall be brought in this state to recover damages for a death where the *wrongful act causing the death* occurred outside of this state.'' (Italics ours.)

Defendant argued that this construction is binding on this court in the instant case, and that since the wrongful act occurred in Missouri, recovery for the ensuing death, no matter where it occurred is barred in Illinois.

We believe this contention is untenable. The proviso construed by the court in the *Crane* case is different from the one involved in the instant case; secondly, the *Crane* case involved a suit on the Illinois Wrongful Death Statute whereas in the instant case the plaintiffs are suing on the statute of a sister State, *i. e.,* Missouri; thirdly, the facts are strikingly different for in the *Crane* case the death did not occur in this State. In the *Crane* case the court was constrained to effect such an interpretation to permit recovery under circumstances where the parties would otherwise be unjustly deprived of their rights by the sweeping prohibition of the statute as it then existed.

A distinction has been made by the Illinois Appellate Court between the *Crane* case and one involving circumstances practically identical to the case at bar. In *Fitzgerald v. Cleveland, C., C. & St. L. R. Co.,* 151 Ill. App. 32, the deceased was injured in Indiana and

died in Illinois and the administrator brought suit in Illinois under the Wrongful Death Statute of Indiana. The Appellate Court stated with reference to the *Crane* case:

"The decision in that case has no reference to a cause of action for wrongful death predicated upon the statute of a sister state, and if the courts of this state may entertain jurisdiction of a cause of action based upon the statute of a sister state authorizing a recovery of damages for wrongful death there is nothing in the *Crane* case which prohibits such recovery. The language employed in the decision of the *Crane* case must be limited in its application to the precise question which was then before the court, viz: the proper construction to be given to the statute of the State of Illinois authorizing a recovery of damages for wrongful death."

Subsequent to the *Fitzgerald* case, *supra,* the Supreme Court of Illinois decided two cases where suit was brought under the Wrongful Death Statute of a sister State and the proviso of section 2 of chapter 70 was urged as a bar to the proceedings. In both *Dougherty v. American McKenna Process Co.,* 255 Ill. 369, and *Wall v. Chesapeake & O. R. Co.,* 290 Ill. 227, the wrongful act and the death for which damages were sought occurred outside of the State, and hence under the plain terms of the 1903 proviso the court held that the actions were barred in this State because they were prohibited by a specific law.

██ ██ It is apparent that neither of these cases constitute a precedent for the instant case, for in those cases the death occurred outside of the State whereas in the instant case the death occurred in Illinois. Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. Possible, or even probable meanings, when

one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere.

It seems both unnecessary and injudicious to construe the plain and unambiguous words of the present proviso of sec. 2 of chapter 70 of the Ill. Rev. Stats. to conform to an interpretation offered in a case where the facts were clearly distinguishable, where the action was brought under a different statute, and where the terms of the proviso itself varied from those presented to the court in the instant case.

Inasmuch as there is no binding precedent to the contrary, the second proviso of sec. 2 of chapter 70 should be interpreted as it is written and should be construed only to bar actions where death occurred outside of this State and not to bar an action for damages for a death occurring within the State, where the parties are residents of this State.

The judgment of the trial court is hereby reversed, and the cause remanded.

*Reversed and remanded.*