Hughes, Administrator, Appellant, vs. Fetter and another, Respondents.*

*March 8—May 2, 1950.*

* Motion for rehearing denied, with $25 costs, on June 30, 1950.

36

For the appellant there was a brief by *Francis H. Parson,* attorney, and *Samuel Goldenberg* of counsel, both of Milwaukee, and oral argument by *Mr. Goldenberg.*

For the respondents there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Herbert L. Wible* of counsel, all of Milwaukee, and oral argument by *Mr. Wible.*

*Frederick H. Prosser* of Milwaukee, guardian *ad litem,* for Glenn C. Fetter.

FAIRCHILD, J. The Wisconsin statute, sec. 331.03, which the learned trial judge ruled prevented the maintenance of the action and required a dismissal of the complaint, does permit recovery for death by wrongful act. But it also contains the provision "that such action shall be brought for a death caused in this state." The question is now raised whether for a death in Illinois this action can be maintained in Wisconsin notwithstanding that provision in our statute.

The right to recover for death by wrongful act is purely statutory. The words of the statute, "provided, that such action shall be brought for a death caused in this state" seem plain enough to bar cases not within its terms, and to exclude actions where the wrongful act resulting in death occurred in another state. This must be so, unless that provision is unconstitutional, or unless the rules of comity place an obligation upon the courts of this state to voluntarily try a case arising under the Illinois wrongful-death statute.

First, with respect to the constitutionality of the provision: We agree with the learned trial judge that the enactment is not in contravention of the full-faith-and-credit clause of the federal constitution or of par. 1, sec. 2, art. IV, providing that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states. It has been

repeatedly declared to be the law that it was not intended by the provisions of the federal constitution referred to, to give to the laws of one state any operation in other states except by permission, express or implied, by those states. *Paul v. Virginia,* 75 U. S. (8 Wall.) 168, 19 L. Ed. 357. The rule applies with full force to statutes giving a right of action for death by the wrongful act of another.

The policy of Wisconsin against the maintenance of such an action having been created positively in a statute, that policy must prevail. "Different states may have different policies and the same state may have different policies at different times. But any policy the state may choose to adopt must operate in the same way on its own citizens and those of other states." *Chambers v. Baltimore & Ohio R. Co.* 207 U. S. 142, 149, 28 Sup. Ct. 34, 52 L. Ed. 143.

In the case of *Dougherty v. American McKenna Co.* 255 Ill. 369, 372, 99 N. E. 619, L. R. A. 1915F, 955, the Illinois court, in commenting on the *Baltimore & Ohio* decision, said:

"The reasoning of that decision as to the right of a state to exclude actions of the kind here in question fully sustains the validity, under the federal constitution, of the provision of the injuries act above referred to. . . . It necessarily follows that the trial court rightly held that the courts of this state were without jurisdiction to entertain this cause of action, and the judgment of that court will be affirmed."

The learned trial judge in the case at bar said that,—

". . . the views of the Illinois court authoritatively supported by the United States supreme court (*Chambers Case, supra*) and many other cases cited in the opinion [in *Dougherty v. American McKenna Co., supra*] also receive sanction in a number of Wisconsin cases although the precise question raised in the instant case has not been passed upon in this state. . . . *Finney v. Guy,* 106 Wis. 256 (Syl. 3), 276, 277, 49 L. R. A. 486 (affirmed by United States supreme court, 189 U. S. 335, 47 L. Ed. 839) ; *Robertson v. Chicago, St. P., M. & O. R. Co.* 122 Wis. 66, 72 (citing and

discussing *Texas & Pacific R. Co. v. Cox,* 145 U. S. 593, 604–606, 36 L. Ed. 829, 833) ; *Bain v. Northern Pacific R. Co.* 120 Wis. 412, 418, 419; *Fox v. Postal Telegraph–Cable Co.* 138 Wis. 648, 652, 653; *Presbyterian Ministers' Fund v. Thomas,* 126 Wis. 281, 285; *International Harvester Co. v. McAdam,* 142 Wis. 114, 121; *Bartlett v. Collins,* 109 Wis. 477, 482; *Porte v. Chicago & N. W. R. Co.* 162 Wis. 446, 451."

Now as to the matter of comity: In this state the courts will generally enforce the law of the place where the injury occurred, unless to do so is contrary to the law, morals, or policy of the state where the action is sought to be maintained. However, if the policy of the forum has been expressed positively in a statute, that policy must prevail. "When the legislature speaks upon a subject, upon which it has the constitutional power to legislate, public policy is what the statute . . . indicates." *Harding v. American Glucose Co.* 182 Ill. 551, 616, 55 N. E. 577; *People v. Shedd,* 241 Ill. 155, 89 N. E. 332; *Ziegler v. Illinois T. & S. Bank,* 245 Ill. 180, 91 N. E. 1041; Minor, Conflict of Laws, p. 10, sec. 6. By virtue of the doctrine of comity, rights acquired under statute enacted or judgment rendered in one state will be given force and effect in another, unless, as said, against policy or laws of the state, prejudicial to interests of its citizens or against good morals and natural justice; comity being a rule of practice, however, and not a rule of law. *In re Chase,* 195 N. C. 143, 141 S. E. 471. The doctrine of comity results in recognition of a decree of a different state not entitled to full faith and credit. It is neither a matter of absolute obligation nor of mere courtesy and good will, but is recognition which one state allows within its territory to legislative, executive, or judicial acts of another, having due regard to duty and convenience and to rights of its own citizens. 11 Am. Jur., Conflict of Laws, p. 495, sec. 183; 15 C. J. S., Comity, p. 245; *Strawn Mercantile Co. v. First Nat. Bank* (Tex. Civ. App.), 279 S. W. 473; *State ex rel.*

*Baker R. & S. R. Co. v. Nichols,* 51 Wash. 619, 99 Pac. 876.

Plaintiff in support of his position here urges the doctrine that all legislation is *prima facie* territorial and does not operate beyond the jurisdiction in which it is enacted. He cites *Bernard v. Jennings,* 209 Wis. 116, 120, 244 N. W. 589. The distinction between the facts of that case and the instant one is obvious. The learned trial judge, because of the stress placed upon the matter of extraterritorial legislation, thought it appropriate to point out that as to the Wisconsin statute there is no valid ground for asserting that the proviso in question is intended to have force in other states. It has force, however, whenever within its own boundaries claims are asserted. As to the Illinois statute, he said: "In so far as its enforcement would operate to defeat the Wisconsin statutory provision it can have no force or effect in this state. Otherwise the Illinois statute would be given extraterritorial force."

Plaintiff's counsel directs attention to the case of *Sheehan v. Lewis,* 218 Wis. 588, 260 N. W. 633, and other Wisconsin cases where actions for wrongful death—although caused in other states—were maintained in this state after the enactment of our statute. It appears that in those cases the particular point involved and here considered was not advanced. Those cases, therefore, cannot be considered as authoritative upon the question here presented. They did not change the statute. In the *Sheehan Case, supra,* it appeared that Illinois, where the injury causing death occurred, then had the same statute which has been referred to in this case, prohibiting actions in that state to recover damages for death occurring outside of the state. In that case a doctrine of reciprocity was contended for by the defendant to bar the action in Wisconsin, since Illinois under its statute would have barred an action in that state for a death occurring in this state. Our court in disagreeing with that contention

quoted the Illinois statutory provision and added these words: "Wisconsin has no such statute." There was then quoted the first paragraph of sec. 2, art. IV, U. S. Const., and we added: "The citizens of other states have the same right to sue in the courts of Wisconsin that citizens of Wisconsin have." *Sheehan v. Lewis, supra,* p. 593. It is apparent that the full contents of sec. 331.03, Stats., was not given due consideration. And it is evident that the decisions resulted from circumstances similar to those referred to in *Kelso & Co. v. Ellis,* 224 N. Y. 528, 537, 121 N. E. 364, where Judge POUND said: "Even in this court a dictum in *Bank of America v. Waydell* (187 N. Y. 115, 120) reveals the habit of bench and bar to look to cases rather than statutes . . . until attention is sharply directed" to the existence of a policy-fixing statute.

The only case brought to the attention of our court dealing directly with the proviso contained in sec. 331.03, Wis. Stats., is *Rudiger v. Chicago, St. P., M. & O. R. Co.* 94 Wis. 191, 195, 68 N. W. 661. The point determined in that case was that even though the death occurred in another state, action could be maintained in the Wisconsin courts, if the death was caused in this state; and we held that the "object and effect of the proviso to our statute was to render the action local, and limit it to cases where death was caused by acts committed or occurring within the state, without regard to whether the death occurred within or without it."

The suggestion that the doctrine of *stare decisis* ought to control our decision upon the matter here involved is without weight. *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739. We do not find that a rule of property was involved, nor do we find any basis existing for the court to review the conclusion reached by the legislature. Its findings are not, under the circumstances, subject to judicial review. Therefore, in deference to the determination of the legislature and the plain requirements of its act, any statements made in our opinions

in cases heretofore treating with a similar situation, which are contrary to the opinion here expressed, are withdrawn. As pointed out in the opinion of the learned trial judge, the precise point relating to the statute was not considered in the Wisconsin cases relied upon by the plaintiff.

The statute in another state cannot be made the basis of furnishing a remedy for action in Wisconsin whose maintenance would be wholly inconsistent with the public policy of our state as declared by the legislature. To hold that this action could be maintained notwithstanding that death was not caused in this state would be to override such public policy as declared by statute and would operate to deprive the proviso of purpose or meaning. The plaintiff seeks the benefit of a remedy denied him by the law of the forum. *Estate of Seybold,* 223 Wis. 192, 270 N. W. 87. As is is shown by the above-cited cases, the conclusion here reached is not only in accordance with the ruling of the United States supreme court and the Wisconsin supreme court, but it is the law in the very state, Illinois, under whose wrongful-death act the instant action is alleged to have been commenced. *Dougherty v. American McKenna Co., supra.*

The defendants' motion for summary judgment dismissing the plaintiff's complaint was properly granted.

*By the Court.*—Judgment affirmed.

BROADFOOT and BROWN, JJ., dissent.