**CARLSON v. GLENN L. MARTIN CO. et al.**

**Civ. No. 26519.**

United States District Court,
N. D. Ohio, E. D.
Feb. 14, 1952.

Harley J. McNeal, Parker Fulton, Cleveland, Ohio, for plaintiff.

McKeehan, Merrick, Arter & Stewart, and Edward D. Crocker, all of Cleveland, Ohio, M. C. Harrison, Cleveland, Ohio,

Francis D. Butler, St. Paul, Minn., for defendants.

JONES, Chief Judge.

This is a motion by defendant, Glenn L. Martin Company, to compel the joinder of Liberty Mutual Insurance Company of Boston, Mass., as an additional party plaintiff. Liberty Mutual is the compensation insurer of decedent's employer. It has assumed and paid compensation benefits to plaintiff pursuant to the provisions of the Workmen's Compensation Law of Massachusetts. Under the Massachusetts Act, Ann. Laws of Mass. c. 152, § 15, it is subrogated to the right of action plaintiff now asserts to the extent of its payments. Defendant contends, therefore, that it is a real party in interest in this litigation and should be joined.

■ The decision by the United States Supreme Court in U. S. v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, makes it clear that a partial subrogee is a real party in interest under Rule 17(a), whose joinder can be compelled under Rule 21. Fed.Rules Civ.Proc. 28 U.S.C.A. Joinder is contingent, of course, on the new party being subject to the jurisdiction of the court.

Defendant has demonstrated that Liberty Mutual is subject to the jurisdiction of the court as to both service of process and venue, and that it can be made a party without depriving the court of jurisdiction of the parties now before it. It is not entirely clear, however, that the statutory assignment under Massachusetts law can be given effect in this action. It is upon that assignment that the status of Liberty Mutual as a real party in interest depends.

■ The present action is a diversity suit under the Wisconsin Wrongful Death Statute. St.1949, §§ 331.01, 331.03. To when a right of action under the Wisconsin statute is accorded is a matter of local law which this court is required to follow in a diversity suit. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The right of action established, however, the court is free to invoke the federal rule requiring the owner of the right to sue

in his own name, this being a matter of procedure. Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417.

The law of the forum for present purposes is the law of Ohio.

Rights under foreign death statutes may be enforced in Ohio. Ohio General Code, § 10509–166. In suits under such statutes, the Ohio courts look to the law of the state whose statute is invoked to determine questions relating to the rights and liabilities thereunder. Louisville & Nashville Rd. Co. v. Greene, 26 Ohio App. 392, 160 N.E. 495; Ford Motor Co. v. Barry, 30 Ohio App. 528, 165 N.E. 865; Restatement of the Conflict of Laws, § 391. A federal court sitting in Ohio in a diversity suit must do likewise. Klaxon v. Stentor Electric Mfg., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

It is not clear from the decisions of the Wisconsin courts whether they would recognize an assignment of rights under their death statute accomplished by a foreign statute. It is their general practice, however, to give extraterritorial recognition to the statutes of another state if those statutes do not contravene the public policy of Wisconsin. Hughes v. Fetter, 257 Wis. 35, 42 N.W.2d 452.

In Bernard v. Jennings, 209 Wis. 116, 244 N.W. 589, and Anderson v. Miller Scrap Iron Co., 176 Wis. 521, 182 N.W. 852, 187 N.W. 746, the highest court of Wisconsin refused to recognize an assignment under the Wisconsin Workmen's Compensation Act in a suit under the death statute of another state. An examination of these cases reveals, however, that the persons receiving payments under the Wisconsin Act were the dependents of the deceased, while the person accorded the right of action under the foreign statute was the administrator. The holdings go no further than to decide that the dependents could not assign the right of action of the administrator under the foreign statute even though they might ultimately receive benefits under such statute.

The State of Wisconsin has a provision in its own Compensation Act, Wis. Statutes, 102.29(2), similar to the assignment provision in the Massachusetts Act. This is a fact of importance to one attempting to determine what Wisconsin policy would be toward a Massachusetts assignment. No doubt it would have a strong influence upon a Wisconsin court.

The decisions and other factors discussed lead me to believe that the courts of Wisconsin would recognize a Massachusetts assignment. In this view of the matter, the joinder of Liberty Mutual Insurance Company will be ordered.

Motion granted.